UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

KEEP ON KICKING MUSIC, INC.,  KEEP
ON MOVING MUSIC, INC., AND FREE WORLD MUSIC,
LIMITED,

                      Plaintiffs,                      AMENDED COMPLAINT

                v.                            1:23-cv-04400-JPO-BCM

UNIVERSAL MUSIC GROUP, INC. UNIVERSAL
MUSIC PUBLISHING GROUP, QUALITY CONTROL MUSIC,
CAPITOL RECORDS, LLC, MOTOWN RECORDS, IDALY
PUBLISHING, INC., KREYOL MUSIC, INC., AND MELODIE
MAKERS, INC.

                    Defendants
-------------------------------------------------------------------------

Plaintiffs Keep on Kicking Music, Inc. ("Keep on Kicking"), Keep on Moving Music, Inc. ("Keep on Moving"), and Free World Music, Limited ("Free World"), by their attorneys, Law Offices of Michael G. Berger, as and for their Amended Complaint, allege as follows:

### THE NATURE OF THE CASE

1. This is an action for willful copyright infringement by unauthorized sampling under the Copyright Act of 1976, 17 USC 101 *et seq,* and related authority; and for declaratory relief under the Declaratory Judgment Act, 28 USC 2201.

2. As detailed and documented below and in the attached Exhibits, Plaintiffs Keep on Kicking Music, Inc., ("Keep on Kicking") and Keep on Moving Music, Inc. ("Keep on Moving") collectively own or control, as successor-in-interest to and on behalf of the sole composer and all publishers, all of the worldwide rights in and to the musical composition and sound recording entitled "Espoir Composition X" ("ECX' or the "Work"), which was duly registered with the United States Copyright Office and elsewhere as appropriate.

3. The musical composition (the "composition"), also called the underlying composition, the musical work, or the composition, is the written music and lyrics of the song. The sound

1

recording, also called the master or the master recording, is the recorded sound of the composition. Plaintiffs own or control both the composition and the sound recording.

4. Music publishing is the business of marketing and administering musical compositions, and collecting royalties based upon airplay, streaming, sheet music sales, and other forms of commercial exploitation.  The recording industry is the business of producing, distributing, and selling sound recordings on records, CDs, and other media through record labels.

5. "Sampling" in the music industry is the reuse of a portion of one musical composition and/or sound recording in another musical composition and/or sound recording. Samples may include elements of the sampled material, such as rhythm, melody, or short or long portions of music. The elements that are sampled may be sped up, slowed down, or otherwise edited, rearranged, or manipulated. Sampling of ECX would have required the permission of  the sole copyright owners of the musical composition and the sound recording, which permission was not obtained.

6. Defendants Universal Music Group, Inc. ("UMG"), Universal Music Publishing Group ("UMPG"), Quality Control Music (Quality Control"), Capitol Records, LLC ("Capitol"), and Motown Records ("Motown") (collectively the "Universal Defendants") knowingly and willfully sampled and embodied the instrumental composition ECX into and throughout the recording entitled "Narcos" ("Narcos" or the "Infringing Work"), as performed by the hip-hop musical group Migos, <u>utilizing ECX in ninety per cent (90%) of the measures in Narcos</u>, all without the knowledge, permission, or authority of the sole copyright owners.

7. The Universal Defendants recorded, distributed, and otherwise commercially exploited ECX through its unauthorized use in Narcos throughout the world, wrongly obtaining for themselves millions of dollars, without authorization, credit, accounting, or payment to Plaintiffs.

8. There can be no disputing that (a) the Universal Defendants had access to ECX, (b) the two compositions are similar, and (c)  the Universal Defendants knew that permission was required to sample ECX, as they entered into one or more purported but invalid and unauthorized sampling agreements with a third party, Defendant Idaly Publishing, Inc. ("Idaly')  to sample ECX, then implemented the sampling by  incorporating the  ECX

2

composition into the recording of Narcos by Migos, all without the knowledge, permission or authority of Plaintiffs, the rightful and sole owners.

9. Plaintiffs put the Universal Defendants on actual written notice in September 2021, again in December 2021, and thereafter, that any and all third-party agreements <u>Universal</u> purportedly granting rights to them were invalid and unauthorized, <u>even providing the Universal Defendants with written repudiation of the very agreements that they supposedly relied on</u>, and further advised them that continued use in Narcos of the unauthorized sample of ECX constituted willful copyright infringement, but the Universal Defendants continue their infringement to date.

10. There can therefore be no disputing that the Universal Defendants' infringement is willful, and that Plaintiffs are entitled to a declaratory judgment against them as prayed for herein.

11. As shown herein, Defendant Idaly purported to grant the Universal Defendants rights that it did not have, and has asserted and continues to assert alleged rights in the master sound recording even after it admitted that it had no rights in the musical composition. Plaintiffs are therefore entitled to a declaratory judgment against Idaly as prayed for herein.

12. As also shown, Defendants Kreyol Music, Inc. ("Kreyol") and Melodie Makers, Inc. ("Melodie"), two affiliated companies (collectively "Kreyol/Melodie") have asserted and continue to assert alleged rights in and to the ECX musical composition and sound recording to third parties, including, but not limited to entities responsible for collecting publishing and record royalties on behalf of actual owners of such rights. Plaintiffs are therefore entitled to a declaratory judgment against Kreyol and Melodie as prayed for herein.

13. This court should therefore grant Plaintiffs a declaratory judgment as prayed for herein against all Defendants.

14. The lyrics of Narcos contain multiple references to drug trafficking, drug dealers, and associated violence and criminality; as well as frequent use of the N-word, all set to the music of ECX without Plaintiffs' permission or authority, and in derogation of Plaintiffs' rights and the value of the copyrights.

**15. Narcos and the Migos album in which it appears have been and continue to be commercially successful, generating, upon information and belief, more than $4,000,000 in revenues to date from publishing, record sales, tour income, and other revenue streams, which has not been paid to Plaintiffs.**

**16. Plaintiffs are therefore entitled to monetary damages, attorneys fees, and related relief, together with a judgment declaring that the Universal Defendants have willfully infringed upon Plaintiffs' copyrights in ECX, and that Plaintiffs are the sole owners of the ECX musical composition and the sound recording; and that no Defendants have any rights in either the musical compositon or the sound recording; hall as prayed for herein.**

**THE PARTIES, JURISDICTION, AND VENUE**

**THE PARTIES**

**17. Plaintiffs Keep on Kicking, Keep on Moving, and Free World are all based in Miami, Florida, and owned and controlled by the same Principal. All three companies are involved in the acquisition and administration of copyrights in and to musical compositions and sound recordings on a worldwide basis. The companies have more than thirty years of experience in the music industry.**

**18. Upon information and belief, Defendant UMG is a subsidiary of Universal Music Group N.V., a Netherlands corporation. UMG is based in Santa Monica, CA, and has offices in this District at 1755 Broadway, New York, NY 10019. UMG is in the business of, among other things, recording and distributing music throughout the world.**

**19. Upon information and belief, Defendant UMPG is a leading global music publishing company based in Santa Monica, CA and is in the business of among other things, owning and/or administering musical compositions throughout the world.**

**20. Upon information and belief, Defendant Quality Control is an American hip-hop record label based in Atlanta, whose releases are distributed through Defendants Motown and Capitol, among others, and whose signed artists include Migos.**

**21. Upon information and belief, Defendant Capitol is an American record label distributed by Defendant UMG, with offices in this District at 1775 Broadway.**

**22. Upon information and belief, Defendant Motown is an American record label owned by UMG, with offices in this District at 1775 Broadway.**

23. Upon information and belief, Defendant Idaly is a Florida company involved in the production, publishing, and promotion of music, with an office located at 5 Brentwood Drive, North Caldwell, New Jersey 07006.

24. Upon information and belief, Defendants Kreyol and Melodie are affiliated Florida record labels with common ownership and control, with an office at 60 N.E. 167th Street, Miami, Florida 33162.

**JURISDICTION**

25. This court has original and exclusive subject matter jurisdiction over this matter under 28 USC 1331 and 1338 (a) and (b) because it arises under 17 USC 101 et seq; and has subject matter jurisdiction under 28 USC 2201 because it involves an actual justiciable controversy within its jurisdiction.

26. This court has personal jurisdiction over Defendants pursuant to FRCP 4(k)(1)(A) because they have had offices and/or transacted business in this District at all relevant times and to this date.

**VENUE**

27. Venue is proper in this District pursuant to 28 USC 1391(b)(1) and (2) and (c)(2) because all Defendants are subject to personal jurisdiction in that they reside or are deemed to reside therein, or transact business therein, and because a substantial parts of the events or omissions giving rise to the claim occurred therein.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

28. Recording artist and composer Robert Pierre Martino first recorded ECX in 1978, and it was released in France and elsewhere that year by Mr. Martino's band, Les Difficiles de Petion-Ville, under the Cinedisc label as part of an album.

29. Mr. Martino duly registered ECX in France on November 15, 2000 at Societe des Auteurs, Compositeurs et Editeurs de Musique ("SACEM"), the French professional association that collects and distributes royalties to artists, writers, composers, and music publishers worldwide. Pursuant to written agreements with Mr. Martino, Plaintiffs thereafter acquired ownership of the compositions, subject to a royalty obligation to Mr. Martino, and duly registered ECX with the United States Copyright Office on November 10, 2021 and February

5

16, 2023. Copies of the SACEM registration and the two US copyright registrations are attached as Exhibits 1, 2, and 3, respectively.

30. On March 1, 2018, without the knowledge, permission, or authority of any true owner of ECX, and in violation of Plaintiffs' rights, Defendant Idaly, as Licensor, entered into a set of written agreements with Defendant Quality Control as Licensee, pursuant to which Idaly purportedly granted Sample Licenses to Quality Control with respect to the master recording of ECX, and the publishing, for use in Narcos by Migos (the "Purported Licenses"). Copies of the Purported License documents are attached as collective Exhibit 4.

31. Migos released Narcos in 2018, as the third track of their Culture II album, through Defendants Capitol, Motown, and Quality Control. Narcos was and is a commercial success, with the Culture II album debuting at number one on the US Billboard 200, and the single and album generating millions of dollars in publishing income, record sales, neighboring rights, and other revenues worldwide.

32. The lyrics of Narcos, which are attached as Exhibit 5, talk about many aspects of the drug culture, including drug trafficking and the drug dealers involved in it. There are numerous references to notorious drug dealer Pablo Escobar and the infamous Medellin cartel; multiple references to violence, including "cut throat," "kill his whole family," "poke his eyes out," and "saw his legs off;" and many uses of the N-word.

33. *All of these violent and racist lyrics, which show Defendant UMPG as a copyright owner, are set to the music of ECX, without the knowledge or consent of any true owner.*

34. The fact that the Universal Defendants knew that they needed a license to use ECX is proof positive that their use constituted infringement. Although the musical term that characterizes this infringement is called sampling, it actually represents a wholesale use of ECX in Narcos. Attached as Exhibit 6 is an expert report authored by forensic musicologist Sandy Wilbur (the "Wilbur Expert Report"), President of Musiodata. Ms. Wilbur, who is also a musical composer, compared ECX (referred to as SONG A in the Wilbur Expert Report) and Narcos (referred to as SONG B) in great detail, and concluded in relevant part:

> There are 147 measures in SONG B. 10% or 15 of those measures do not contain any samples of SONG A.

**Thus, ECX is used in ninety per cent (90%) of the measures of Narcos. Attached as Exhibit 7A is a SACEM Expert Report, in the original French, together with Exhibit 7B, a certified English translation, which shows that ECX is used in 3 minutes and 33 seconds out of the total of 4 minutes and 46 seconds of Narcos, showing that Narcos use ECX for 74.4% of the time.**

**35. Accordingly, the Universal Defendants knew at all times that their use of ECX required valid written agreements signed by the true owners of ECX. Yet, as detailed and documented below, when Plaintiffs put the Universal Defendants on express written notice that they were infringing upon ECX, they refused to acknowledge Plaintiffs' rights and to compensate Plaintiffs for the harm suffered.**

**36. Plaintiffs sent a series of communications to the Universal Defendants that left no question that Narcos was infringing upon ECX, and that any purported licenses were invalid. Specifically, on September 13, 2021, Plaintiff KOK wrote to the Universal Defendants (see Exhibit 8), stating in relevant part as follows:**

> Date: 13th September 2021
>
> To Whom It May Concern,
>
> We are writing to you regarding the SRC ownership and Master rights for the 1978 Sound recording "Espoir Composition X" acquired by FWM Ltd represented in the US by Keep On Kicking Music Inc.
>
> We found so far two recordings "NARCOS" BY - MIGOS , currently released by The Universal Music Group ISRCs # USUM71801010 & USUM71800980 which contains an unauthorized sample of the original recording and composition "Espoir Composition X" written by Robert P. Martino for which Keep On Kicking Music Inc. (ASCAP) is the sole publisher and for which the Master rights of the original Sound recording have always been ASSIGNED to Free World Music Ltd. by Robert P. Martino as well.
>
> We would need to either receive a valid chain of right of this recording to your company(s) from the original owner who claim it doesn't exist (while also claiming lack of payment from any party) and/or reach out a settlement regarding the unauthorized uses along with a sample agreement.

**37. Despite that clear message from Plaintiffs, the Universal Defendants failed and refused to enter into any kind of sample agreement, compensate Plaintiffs, or otherwise cure their infringement.**

**38.** December 14, 2021, Plaintiffs' music attorney, Marc Jacobson, P.C., sent letters by certified mail to Defendants UMG, UMPG, and Motown that fully explained and documented Plaintiffs' rights and Defendants' infringements, and specifically advised Defendants that any purported rights they may have claimed to have acquired were unauthorized. A copy of Mr. Jacobson's letter, without enclosures, is attached as Exhibit 9.

**39.** Despite that clear and compelling message from Plaintiffs, the Universal Defendants continued to infringe upon Plaintiffs' rights.

**40.** Defendants UMG and Idaly, among others were thereafter copied on a July 27, 2022 letter from Idaly's attorney, Kendall Minter, Esq., to Mr. Jacobson (attached as Exhibit 10), copying UMG, among others at page 2, which letter stated in relevant part:

> I represent Idaly Publishing, Inc . . . this will serve to confirm that my client hereby rescinds and relinquishes its claims to any of the music publishing rights, title or interest, including the copyright in and to the musical composition entitled "Espoir/Composition X."

**41.** Defendants UMPG and Capitol, among others, including BMI and ASCAP, the two major American Performing Rights Organizations ("PROs") that collect publishing monies on behalf of writers and publishers, were thereafter sent Irrevocable Letters of Direction on October 21, 2022 from Jerry "Wonda" Duplessis, CEO of Idaly, which stated in relevant part:

> Re: "Espoir Composition X" by Robert Martino (the "Composition")
>
> Ladies and Gentlemen: Pursuant to an agreement between Idaly Publishing, Inc ("Idaly") and Keep on Kicking Music, Inc. Idaly relinquished all of its right title and interest in and to the Composition to Keep on Kicking Music, Inc.
> This letter constitutes the irrevocable direction to you to pay all sums earned, received, or credited to you on account of the Idaly share of the Composition to Keep on Kicking Music, Inc.

**See Exhibit 11, at p.1-BMI, p.6-ASCAP p. 4-UMPG, and p.5-Capitol.**

**42.** Despite overwhelming and uncontradicted evidence of unauthorized sampling, including an express repudiation of authority from Idaly, the very company the Universal Defendants supposedly relied upon, such Defendants continue to this date to infringe upon Plaintiffs' rights.

43. Defendants Idaly and Kreyol/Melodie have created conflict and confusion regarding ECX for years by falsely asserting their alleged rights. For example, on January 26, 2018, Defendant Melodie claimed to have a 20 per cent interest in Narcos, presumably because of its alleged interest in ECX. Thereafter, as noted above and documented as collective Exhibit 4, on March 1, 2018, Idaly purported to grant licenses to the master and sound recording to Defendant Quality Control. To further confuse the matter, on March 1, 2019, Idaly and Kreyol/Melodie entered into a Joint Ownership and Administrative Agreement, attached as Exhibit 12, pursuant to which they purported to grant joint and equal rights to each other to the master sound recording and musical composition of ECX.

44. Although some publishing monies have been paid to Plaintiffs, and some other publishing monies have been held in suspense, the PROs, as well as sound recording collection societies such as SoundExchange, in light of the adverse and conflicting claims asserted by the Universal Defendants, Idaly, and Kreyol/Melodie, have generally refused to pay Plaintiffs the monies that were attributable to the Idaly unauthorized license agreements without the consent of the Universal Defendants or a court order. The Universal Defendants have refused to compensate Plaintiffs for past infringement or negotiate for permission for future use.

45. There is therefore an actual justiciable controversy, and the matter is ripe for adjudication.

### CLAIMS FOR RELIEF

#### COUNT I
#### COPYRIGHT INFRINGEMENT
#### (Against the Universal Defendants)
#### 17 USC 101 *et seq*

46. Paragraphs 1 through 45 are repeated and realleged.

47. By reason of the foregoing Plaintiffs are entitled to a judgment declaring that the Universal Defendants have violated the Copyright Act 17 USC 101 *et seq,* and granting Plaintiffs to recover against the Universal Defendants jointly and severally: Actual damages

plus the Universal Defendants' profits, or statutory damages, at Plaintiffs' election; such damages and profits to include all forms of worldwide revenues derived from the commercial exploitation of Culture II and Narcos; together with costs and attorneys' fees; all pursuant to the Copyright Act, including sections 501, 504, and 505 thereof.

                        **COUNT I**
                    **DECLARATORY JUDGMENT**
                    **(Against all Defendants)**
           **28 USC 2201** *et seq* **and 17 USC 101** *et seq*

**48. Paragraphs 1 through 47 are repeated and realleged.**

**48. By reason of the foregoing, Plaintiffs are entitled under 28 USC 2201 to judgment declaring and construing that Plaintiffs are the sole rightful owners of all right, title, and interest in and to the musical composition and sound recording entitled Espoir/Composition X, and that all Defendants have no rights in and to such composition or recording.**

                                **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:**

**A. Granting Plaintiffs recovery against the Universal Defendants, jointly and severally, of actual damages plus such Defendants' profits, or statutory damages, at Plaintiffs' election; such damages and profits to include all forms of worldwide revenues derived from the commercial exploitation of Culture II and Narcos;**

**B. Declaring and construing that Plaintiffs are the sole rightful owners of all right, title, and interest in and to the musical composition and sound recording entitled Espoir/Composition X, and that all Defendants have no rights in and to such musical composition or sound recording; and**

**C. Awarding Plaintiffs punitive damages against the Universal Defendants to the extent available, as well as costs, and attorneys' fees; all pursuant to the Copyright Act, including sections 501, 504, and 505 thereof; and granting such other and further relief as this Court deems just and proper.**

**Dated: October 2, 2023**
**New York, New York**

**/s/Michael G. Berger**
----------------------------------------
**Michael G. Berger, Esq. (MB2349)**

**Law Offices of Michael G. Berger**

**350 East 79th Street-36A**
**New York, NY 10075**
**(917)400-2002**
[mgberger@mgberger.com](mailto:mgberger@mgberger.com)

**Attorneys for Plaintiffs Keep on Kicking, Music Inc., Keep on Moving Music, Inc., and Free World Music, Limited**