# Exhibit 12

## JOINT OWNERSHIP AND ADMINISTRATION AGREEMENT

**This Agreement is made and entered into** as of this 14th day of March, 2019 by and between Idaly Publishing, Inc. with an office located at 5 Brentwood Drive, North Caldwell, New Jersey 07006 (hereinafter referred to as "Idaly") and Kreyol Music and Melodie Makers, Inc. and their successors and assigns with an office in care of Sample Clearance Limited, 33 Gallatin Drive, Dix Hills, New York 11746 (hereinafter referred to as "Kreyol").

In consideration of the mutual promises hereinafter set forth, and for other good and valuable consideration, acknowledged by each party hereto, it is agreed as follows:

1. Effective as of March 1, 2018 (the "Effective Date"), each of the parties shall be the joint and equal copyright owners and/or administrators of the Composition and the Master set forth in Schedule "A" attached hereto and incorporated herein by this reference (hereinafter the "Composition and the Master"), in the undivided copyright and proprietary interests described in Schedule "A" (hereafter "their respective interests"), including all right, title and interest in and to the Composition and Master , for the full term of copyright or otherwise pursuant to the agreements) by which they acquired rights in the Composition and the Master, throughout the universe or otherwise pursuant to the agreement(s) by which they acquired rights in the Composition and the Master (the "Licensed Territory"), together with all renewals, reversions and extensions thereof. If any party has already registered any or all of the Composition or the Master with the Copyright Office of the United States, such party shall execute and deliver to the other party or parties such documents of assignment as are required to evidence the above-described joint ownership. The party effecting copyright registration shall be reimbursed by the other party promptly upon submission of an invoice. Each party to bear its respective share of any registration.

2. The parties agree that the Composition and the Master shall be co-administered by them, or their respective designees, successors or assigns, throughout the Licensed Territory commencing as of the Effective Date. The parties agree to collect domestic mechanical royalties. either directly from the source or through the Harry Fox Agency or a mutually designated collection agent, with respect to each of the parties' respective share of any such royalties in accordance with their respective interests. The parties additionally agree to authorize and direct ASCAP or BMI, as the case may be, to pay directly to each of the parties its respective share in accordance with their respective interests, of the publisher's share of domestic performance income collected by such society for the Composition. The parties further agree that for each licensed use in the United States and Canada with respect to the Composition and Master, by a party or its

licensee, that party shall pay to the other party or parties, such other party's or parties' respective share in accordance with their respective interests, of the net profits received as a result of such printing and distribution after deducting the expenses incurred, including without limitation, printing, arranging, engraving and distribution costs.

3. Prior to the execution of this Agreement, Idaly entered into a Sample Clearance License Agreement, dated March 1, 2018 with the artist p/k/a "The Migos" (the "Sample License"). Pursuant to the Sample License, Idaly received certain advances, from which it deducted counsel and songwriter fees leaving a net of $11,862.50 allocated to the Master and $5,931.25 allocated to the so-called "Publishers Share". The parties hereto agree that the first $8,896.87 in royalties due and payable pursuant to the Sample License shall be paid to Kreyol; and thereafter, all subsequent royalty payments under the Sample Agreement shall be paid equally (50/50) to Idaly and Kreyol.

4. The term "administer" as used herein shall mean the right to exploit the Composition and Master, to distribute, stream, print, publish, sell, use and license the use of the Composition and Master, and to execute in the name of the administrator any and all licenses and agreements altecting or respecting the Composition and Master, including without limitation, licenses for mechanical reproduction, performance, synchronization, print and sub-publication, samples and to conduct all legal claims and defenses with respect to the Composition and Master and to assign or license such rights to others.

5. Each of the parties shall give to other party or parties the benefit of any warranties or representations which it obtained or shall obtain under any agreements or license affecting or respecting the Composition and Master.

6. Each party hereto warrants and represents that: (a) It has all necessary right, title and authority to enter into this Agreement, to grant the rights and interest herein granted and to perform all of the obligations under this Agreement.

(b) It will pay or credit all royalties, and any other sums, if any, due to its respective writer of any of the Composition and Master or to any other person or entity who may be contractually entitled to receive payment for the exploitation of any of the Composition and Master.

(c) (1) It will indemnify and hold harmless each other party or parties against any and all loss or damage, including without limitation, all court costs, penalties and reasonable attorney fees, incurred as a result of a breach of a warranty or a representation made hereunder if the claim results in a final adjudication or mutually approved settlement. No claim affecting the ownership of the interests of more than one or the parties in and to any of the Composition and Master will be settled without the prior approval of the parties whose interests are so concerned. The parties will have the right to participate in the defense of claims brought against the Composition and/or the Master, or in the prosecution of claims initiated by any party to this Agreement affecting or respecting the Composition and/or the Master, with counsel of its own choice and at its

expense. Any sums recouped by a party as a result of initiating an action affecting or respecting the Composition and/or the Master shall be retained by that party unless any either party joins in bringing the action. The party receiving notice of any claim or initiating any claim respecting the Composition and/or the Master shall give written notice thereof to the other party or parties.

(2) The parties shall mutually determine whether to assert any claim of commence any proceeding against any third party who or which it is alleged is infringing upon the parties' rights in the Composition and Master. If the parties shall determine to assert such claim or commence any such proceedings, the cost of prosecution thereof shall be borne equally by them and any recovery shall he divided between them. If either party declines to assert any such claim or Joint in any such proceedings, the other shall nevertheless be entitled to proceed, but the proceeding party shall be solely responsible for the cost of prosecution thereof and shall be entitled to the entirety of any recovery.

7. Each party shall maintain true and correct accounts with respect to the Composition and Master, and shall, upon reasonable notice, provide the other party or parties with a statement of any such accounts, together with any payments due hereunder, within ninety (90) days after the first day of January and the first day of July of each year for the preceding six (6) month period. Each party agrees to permit the other party or parties, and its representatives, to examine and audit, on thirty (30) days' prior written notice. at its regular place of business during usual business hours, its books and records respecting or affecting any of the Composition and Master but no more than once per year.

8. Each party shall be responsible for affixing proper copyright notices on each copy of any of the Composition and Master published under the authority of such party. The copyright notice shall contain the appropriate copyright owner designation for each party hereto said designation to be ascertained by the party authorizing the publication in advance of such publication.

9. (a) This agreement constitutes the entire understanding between the parties hereto, and may not be modified, amended, terminated or otherwise altered without an instrument in writing executed by the parties hereto.

(b) This Agreement shall be governed by and by construed under the laws of the State of New York.

(c) This Agreement may be signed in counterparts and any number of counterparts signed in the aggregate by the parties hereto shall constitute a single original instrument.

(d) Where appropriate in the context, the singular shall be deemed to include the plural, the plural shall be deemed to include the singular, and the past,

present. and future tenses shall be deemed to include the other. Your signature at the bottom hereof will signify acceptance of, and agreement to, the terms and provisions contained herein, and this Agreement shall be binding upon and inure to the benefit of each of the parties its succcuors, licensees and assigns.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above mentioned.

IDALY PUBLISHING, INC.

By: _____

KREYOL MUSIC AND MELODIE
MAKERS, INC.

By: _____

It's Authorized Representative

**SCHEDULE "A"**

to the Agreement dated  March 14, 2019 between Kreyol Music and Melodie Makers, Inc. and Idaly Publishing, Inc.

COMPOSITION (and MASTER):     1.   Espoir Composition X

SONGWRITERS/SHARES:     1.  Henry Celestin      50%

                      2.  Robert Martino      50%

PUBLISHERS/SHARES:     1.  Kreyol Music      50%

                      2.  Idaly Publishing, Inc.   50%

MASTER OWNERSHIP SHARES:     1.  Melodie Makers, Inc.   50%

                      2.  Idaly Publishing, Inc.   50%