UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEEP ON KICKING MUSIC, INC., KEEP ON MOVING MUSIC, INC., and FREE WORLD MUSIC, LIMITED,

    Plaintiffs,

- against -

UNIVERSAL MUSIC GROUP, INC., UNIVERSAL MUSIC PUBLISHING GROUP, QUALITY CONTROL MUSIC, CAPITOL RECORDS, LLC, MOTOWN RECORDS, IDALY PUBLISHING, INC., KREYOL MUSIC, INC., and MELODIE MAKERS, INC.,

    Defendants.

No. 23-CV-4400

**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; AND COUNTERCLAIM AND CROSSCLAIMS**

**JURY TRIAL DEMANDED**

---

UMG RECORDINGS, INC. (incorrectly sued as "Capitol Records, LLC" and "Motown Records"), UNIVERSAL MUSIC CORPORATION (incorrectly sued as "Universal Music Publishing Group"), UNIVERSAL MUSIC GROUP, INC., and QUALITY CONTROL MUSIC, LLC (incorrectly sued as "Quality Control Music"),

    Counterclaim Plaintiffs,

- against -

KEEP ON KICKING MUSIC, INC., KEEP ON MOVING MUSIC, INC., and FREE WORLD MUSIC, LIMITED,

    Counterclaim Defendants.

---

UMG RECORDINGS, INC. (incorrectly sued as "Capitol Records, LLC" and "Motown Records"), UNIVERSAL MUSIC CORPORATION (incorrectly sued as "Universal Music Publishing Group"), UNIVERSAL MUSIC GROUP, INC., and QUALITY CONTROL MUSIC, LLC (incorrectly sued as "Quality Control Music"),

    Crossclaim Plaintiffs,

- against -

IDALY PUBLISHING, INC., KREYOL MUSIC, INC., and MELODIE MAKERS, INC.,

    Crossclaim Defendants.

## ANSWER TO AMENDED COMPLAINT

Defendants UMG Recordings, Inc. (incorrectly sued as "Capitol Records, LLC," and "Motown Records"), Universal Music Corporation (incorrectly sued as "Universal Music Publishing Group"), Universal Music Group, Inc. ("UMGI"), and Quality Control Music, LLC (incorrectly sued as "Quality Control Music") (together, "Defendants"), by and through their undersigned attorneys, Davis Wright Tremaine LLP, hereby answer the Amended Complaint of Keep on Kicking Music, Inc., Keep on Moving Music, Inc., and Free World Music, Limited (together, "Plaintiffs"), as follows:

## THE NATURE OF THE CASE

1. Paragraph 1 of the Amended Complaint contains allegations of law, not fact, or characterizations of the claims in this action, to which no response is required. To the extent the allegations require a response, Defendants admit that the Amended Complaint purports to assert claims for copyright infringement and declaratory relief, and deny each and every allegation contained therein.

2. Defendants deny the allegations in Paragraph 2 of the Amended Complaint insofar as Defendants obtained licenses from Idaly Publishing, Inc. ("Idaly") to use ECX, and Defendants reasonably relied on Idaly's representations and warranties that Idaly "owns and controls 100%" of the musical composition and sound recording of ECX. Defendants otherwise deny knowledge or information sufficient to form a belief as to the allegations.

3. Paragraph 3 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny the allegations in Paragraph 3 of the Amended Complaint insofar as Defendants obtained licenses from Idaly to use ECX, and Defendants reasonably relied on Idaly's representations and warranties that Idaly "owns and controls 100%" of the musical composition and sound recording of ECX.

Defendants otherwise deny knowledge or information sufficient to form a belief as to the allegations.

4. Defendants deny the allegations in Paragraph 4 of the Amended Complaint insofar as they purport to provide complete or exhaustive definitions of "music publishing" or the "recording industry," but admit that the allegations generally describe some aspects of those businesses.

5. Defendants deny the allegations in Paragraph 5 of the Amended Complaint, except admit that sampling involves taking a portion of a sound recording and using it as part of a new recording.

6. Defendants deny the allegations in Paragraph 6 of the Amended Complaint, except admit that some portion of ECX was used in Narcos pursuant to valid licenses.

7. Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Amended Complaint, and respectfully refer the Court to the documents referenced therein for the contents thereof.

10. Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Amended Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Amended Complaint, and respectfully refer the Court to the recording of Narcos for an accurate recitation of its lyrics.

15. Defendants object to Paragraph 15 of the Amended Complaint on the grounds that it is vague and ambiguous as to which works generated which revenues, and to the extent that it contains purported expert opinion, which is premature at this stage of the litigation. Subject to these objections, Defendants deny that any revenues were unlawfully withheld from Plaintiffs.

16. Defendants deny the allegations in Paragraph 16 of the Amended Complaint.

## THE PARTIES, JURISDICTION, AND VENUE

## THE PARTIES

17. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Amended Complaint.

18. Defendants admit that UMGI is an indirect subsidiary of Universal Music Group N.V., a Netherlands corporation, with offices in Santa Monica, California, and this District, and deny the remaining allegations in Paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Amended Complaint.

21. Defendants admit that Capitol Records, an unincorporated division of UMG Recordings, Inc., and incorrectly sued as "Capital Records, LLC," is a record label with offices in this District.

22. Defendants admit that Motown, an unincorporated division of UMG Recordings, Inc., and incorrectly sued as "Motown Records," is a record label with offices in this District.

23. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Amended Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the Amended Complaint.

**JURISDICTION**

25. Paragraph 25 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Defendants do not dispute that the Court has subject-matter jurisdiction in this case.

26. Paragraph 26 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Defendants do not dispute that the Court has personal jurisdiction over Defendants in this case and as to the claims alleged against them.

**VENUE**

27. Paragraph 27 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Defendants do not dispute that this District is a proper venue for the claims asserted against Defendants.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

28. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Amended Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Amended Complaint, and respectfully refer the Court to the documents referenced therein for the contents thereof.

31. Defendants object to Paragraph 31 of the Amended Complaint on the grounds that it is vague and ambiguous. Subject to these objections, Defendants admit that Narcos was released as the third track of Culture II in 2018, that Narcos achieved a degree of success, and that Culture II debuted at number one on the Billboard 200.

32. Defendants deny the allegations in Paragraph 32 of the Amended Complaint, and respectfully refer the Court to the recording of Narcos for an accurate recitation of its lyrics.

33. Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

34. Defendants object to Paragraph 34 of the Amended Complaint on the grounds that it alleges purported expert opinion which is premature at this stage of the litigation. Subject to that objection, Defendants deny the allegations in Paragraph 34, except deny knowledge or information sufficient to form a belief as to the allegations regarding the referenced expert reports.

35. Defendants deny the allegations in Paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Amended Complaint, and respectfully refer the Court to the document referenced therein for the contents thereof.

37. Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Amended Complaint, and respectfully refer the Court to the documents referenced therein for the contents thereof.

39. Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the Amended Complaint, and respectfully refer the Court to the document referenced therein for the contents thereof.

41. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of the Amended Complaint, and respectfully refer the Court to the document referenced therein for the contents thereof.

42. Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 of the Amended Complaint, except admit that some portion of ECX

was used in Narcos pursuant to valid licenses from Idaly, and respectfully refer the Court to the documents referenced therein for the contents thereof.

44. Defendants deny the allegations in Paragraph 44 of the Amended Complaint, except admit that they have appropriately instituted a legal hold on certain royalty payments relating to Narcos pending resolution of conflicting claims to those monies, and deny knowledge or information sufficient to form a belief as to the allegations regarding other entities.

45. Paragraph 45 of the Amended Complaint contains allegations of law, not fact, to which no response is required.

## CLAIMS FOR RELIEF

### COUNT I
### COPYRIGHT INFRINGEMENT
### (Against Defendants)
### 17 USC 101 *et seq*

46. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 45 of the Amended Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

### COUNT I [sic]
### DECLARATORY JUDGMENT
### (Against all Defendants)
### 28 USC 2201 *et seq* and 17 USC 101 *et seq*

48. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 47 of the Amended Complaint.

48. [sic] Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

## PRAYER FOR RELIEF

With respect to the Prayer for Relief in the Amended Complaint, Defendants deny all allegations made therein and deny that Plaintiffs are entitled to any of the relief they seek.

## GENERAL DENIAL

Each and every allegation contained in the Amended Complaint not specifically admitted herein is denied. To the extent that the headings contained in the Amended Complaint constitute allegations, such allegations are denied.

## JURY DEMAND

Defendants hereby demand a trial by jury of all issues triable by jury.

## AFFIRMATIVE AND OTHER DEFENSES

To the extent that it is Plaintiffs' burden to prove any of the issues raised in the defenses set forth below, Defendants hereby preserve, and do not waive, their legal position that Plaintiffs have the burden of proof on those issues. Moreover, the Amended Complaint may not describe the claims or facts with sufficient particularity to permit Defendants to identify all defenses that may exist. Defendants reserve the right to amend their Answer in order to assert further defenses that may become apparent in the course of discovery or this litigation. Subject to the foregoing, Defendants assert the following defenses:

## FIRST DEFENSE

The Amended Complaint, and each of its purported claims for relief, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The use of ECX in Narcos was expressly and/or impliedly licensed.

## THIRD DEFENSE

The licenses to use ECX in Narcos were obtained before execution of any conflicting transfer of copyright ownership, under 17 U.S.C. § 205(e)(1).

## FOURTH DEFENSE

The licenses to use ECX in Narcos were taken in good faith before recordation of any conflicting transfer of copyright ownership and without notice of it, under 17 U.S.C. § 205(e)(2).

## FIFTH DEFENSE

Plaintiffs do not own a valid copyright in the musical composition or sound recording of ECX.

## SIXTH DEFENSE

The Amended Complaint, and each of its purported claims for relief, and/or Plaintiffs' claims of copyright ownership, are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH DEFENSE

The musical elements from ECX used in Narcos are not original to Plaintiffs and/or are not copyrightable subject matter.

## EIGHTH DEFENSE

The protectable elements of ECX and Narcos are not substantially similar.

## NINTH DEFENSE

The use of ECX in Narcos constitutes fair use, and thus is not actionable as a matter of law.

## TENTH DEFENSE

The use of ECX in Narcos is *de minimis*, and thus is not actionable as a matter of law.

## ELEVENTH DEFENSE

Plaintiffs' alleged damages, if any, are the sole and direct result of forces, acts, and omissions independent of Defendants.

## TWELFTH DEFENSE

Without in any way admitting any infringement, which is denied, Plaintiffs' damages, if any, are limited because the alleged infringement was innocent.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred to the extent they are asserted against incorrect entities that had no involvement in the alleged conduct, and/or putative defendants that are not existing juridical entities.

## FOURTEENTH DEFENSE

Plaintiffs' claims or requested remedies are barred by the doctrine of laches.

## FIFTEENTH DEFENSE

Plaintiffs' claims or requested remedies are barred by the doctrine of waiver.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred to the extent they arise from any alleged infringement taking place outside the United States, as the Copyright Act does not apply extraterritorially.

## SEVENTEENTH DEFENSE

Plaintiffs' claims for statutory damages and attorneys' fees are barred because any alleged infringement commenced before the effective date of Plaintiffs' purported copyright registrations.

## EIGHTEENTH DEFENSE

Plaintiffs' claims or requested remedies are barred by the failure to comply, or failure to timely comply, with the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. §§ 401, 402, and 407–412.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred to the extent that allegations in the Amended Complaint refer generally to "Defendants" without any factual basis to distinguish each individual Defendant's alleged conduct.

## COUNTERCLAIM AND CROSSCLAIMS

Defendants UMG Recordings, Inc. (incorrectly sued as "Capitol Records, LLC" and "Motown Records"), Universal Music Corporation (incorrectly sued as "Universal Music Publishing Group"), Universal Music Group, Inc., and Quality Control Music, LLC ("Quality Control") (incorrectly sued as "Quality Control Music") (together, the "Counterclaim-Crossclaim Plaintiffs"), by and through their undersigned attorneys, plead the following in support of their counterclaim against plaintiffs Keep on Kicking Music, Inc., Keep on Moving Music, Inc., and Free World Music, Limited (together, the "Plaintiffs"), and their crossclaims against defendants Idaly Publishing, Inc. ("Idaly"), Kreyol Music, Inc. ("Kreyol"), and Melodie Makers, Inc. ("Melodie") (together with Plaintiffs, the "Counterclaim-Crossclaim Defendants"):

## NATURE OF THE COUNTERCLAIM AND CROSSCLAIMS

1. The central issue in this litigation is a dispute over the ownership of copyrights underlying a musical composition and sound recording called "Espoir/Composition X" ("ECX"). The parties asserting conflicting claims as to the ownership of these underlying copyrights are all of the parties in this lawsuit *except* for the Counterclaim-Crossclaim Plaintiffs.

2. What is not in dispute is that the Counterclaim-Crossclaim Plaintiffs used a portion of ECX (*i.e.* a "sample") in "Narcos," a song by the hip hop group Migos. This use was explicitly licensed by Idaly, as reflected in two separate license agreements. *See* Am. Compl. Ex. 4, at 4–6.

3. As part of those two license agreements, Idaly represented and warranted that it "owns and controls 100%" of the copyrights in the musical composition and the sound recording

of ECX. *Id.* Idaly also agreed to indemnify Quality Control, against any liability arising from Idaly's breach of Idaly's representations and warranties. *Id.*

4. At all times relevant to this lawsuit, the Counterclaim-Crossclaim Plaintiffs have acted lawfully and in good faith. They properly licensed ECX, in reasonable reliance on Idaly's representations and warranties, and as soon as they became aware of conflicting claims asserted by Plaintiffs, the Counterclaim-Crossclaim Plaintiffs instituted a legal hold on the relevant royalty payments pending resolution of the disputed rights.

5. The Counterclaim-Crossclaim Plaintiffs now seek final judicial determination as to, *inter alia*, the validity of the licenses issued by Idaly. To the extent the Court determines that Idaly breached its representations and warranties, the Counterclaim-Crossclaim Plaintiffs also seek indemnification from Idaly, and recovery of all fees, advances, and royalties paid under any license agreement(s) determined to be invalid.

6. The Counterclaim-Crossclaim Plaintiffs simply wish to identify the true rightsholder(s) so that the appropriate royalties can be released to the appropriate party or parties, and to be indemnified and made whole for any damages.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over these counterclaims and crossclaims under 28 U.S.C. § 1367(a) and/or 28 U.S.C. §§ 1331, 1338(a).

8. This Court has personal jurisdiction over the Counterclaim-Crossclaim Defendants under Fed. R. Civ. P. 4(k)(1)(A) and N.Y. C.P.L.R. 301, 302(a), and/or 303.

9. Venue is proper in this District under 28 U.S.C. § 1391(b).

## PARTIES

10. UMG Recordings, Inc., is a Delaware corporation with corporate headquarters in California.

11. Universal Music Corporation is a Delaware corporation with corporate headquarters in California.

12. Universal Music Group, Inc., is a Delaware corporation with corporate headquarters in California.

13. Quality Control is a Georgia limited liability company with offices in Georgia.

14. Keep on Kicking Music, Inc. and Keep on Moving Music, Inc. are Delaware corporations, which allege they are based in Florida.

15. On information and belief, Free World Music, Limited is a British corporation with offices in Florida.

16. On information and belief, Idaly is a Florida corporation with an office in New Jersey.

17. On information and belief, Kreyol and Melodie are Florida corporations with offices in Florida.

## FACTS

### A. The Master Use License

18. On March 1, 2018, Idaly (as licensor) entered into an agreement with Quality Control (as licensee) for non-exclusive use of the sound recording of ECX in a new sound recording, Narcos (the "Master Use License"). The Master Use License is attached as part of Exhibit 4 to the Amended Complaint.

19. The Master Use License includes the following language:

> Representation: Licensor [Idaly] represents and warrants that it owns and controls 100% of the Master in the Sampled Recording [ECX] and is free to enter into and perform this agreement. Licensor [Idaly] will indemnify Licensee [Quality Control] from and against any liability arising from its breach of any representation and warranty.

13

20. Under the terms of the Master Use License, Quality Control agreed to pay Idaly a "recoupable advance" of $12,500. Quality Control further agreed to make certain royalty payments to Idaly.

**B. The Publishing Use License**

21. On March 1, 2018, Idaly also agreed to a non-exclusive license for use of the musical composition ECX in the new composition, Narcos (the "Publishing Use License"). The Publishing Use License is included as part of Exhibit 4 to the Amended Complaint.

22. The Publishing Use License includes the following language:

> Representation: Licensor [Idaly] represents and warrants that it owns and controls 100% of the publishing in the Sampled Composition [ECX] and is free to enter into and perform this agreement. Licensor [Idaly] will indemnify Licensee from and against any liability arising from its breach of any representation and warranty.

23. The Publishing Use Agreement provided that Idaly would receive a "non-recoupable fee" of $12,500, and an interest in the copyright to the new musical composition, Narcos.

24. Upon execution of the Master Use Agreement and Publishing Use Agreement, the Counterclaim-Crossclaim Plaintiffs paid Idaly the agreed-upon advance and fee, and began making all agreed-upon royalty payments.

**C. Idaly's Agreement with Kreyol and Melodie, and Letter of Direction**

25. On information and belief, Idaly and Kreyol/Melodie entered into a Joint Ownership and Administration Agreement with respect to ownership and administration of the copyrights underlying ECX. The Amended Complaint purports to include a copy of this agreement as Exhibit 12, and it appears to show that the agreement was signed by representatives for Idaly, and for Kreyol/Melodie.

26. On March 28, 2019, Idaly sent a letter to the Counterclaim-Crossclaim Plaintiffs (the "Letter of Direction"), advising that Idaly had executed the Joint Ownership and Administration Agreement with Kreyol and Melodie. With respect to any royalties owed under the Master Use Agreement and Publishing Use Agreement, the Letter of Direction instructed the Counterclaim-Crossclaim Plaintiffs to pay those royalties to Idaly and Kreyol/Melodie, on a 50-50 basis (*i.e.*, 50% to Idaly, and 50% to Kreyol/Melodie).

27. On information and belief, Kreyol and Melodie either received a copy of the Letter of Direction, or were aware that it had been sent, and neither Kreyol nor Melodie ever advised the Counterclaim-Crossclaim Plaintiffs, or any of them, that Kreyol and/or Melodie disputed the statements in the Letter of Direction. Further, Kreyol and Melodie accepted and/or agreed to accept royalty payments from the Counterclaim-Crossclaim Plaintiffs under the Master Use Agreement and Publishing Use Agreement.

28. The Counterclaim-Crossclaim Plaintiffs complied with and continue to comply with all of their obligations under the Master Use Agreement and the Publishing Use Agreement, provided that once the Counterclaim-Crossclaim Plaintiffs learned that there was a dispute as to the ownership of the ECX copyrights, they placed a legal hold on certain royalty payments pending resolution of these disputes.

## COUNT I
## DECLARATORY JUDGMENT
**(Against all Counterclaim-Crossclaim Defendants)**

29. The preceding paragraphs of the counterclaims and crossclaims are realleged and incorporated by reference as if fully set forth herein.

30. The Counterclaim-Crossclaim Plaintiffs seek declaratory judgment as follows:

(a) Idaly has or had at the time that Idaly entered into the Master Use Agreement and Publishing Use Agreement, the right and power, whether as an owner or co-owner

15

of the musical composition and sound recording of ECX or otherwise, to grant the licenses it granted. Consequently, the Master Use Agreement and Publishing Use Agreement are valid licenses permitting the Counterclaim-Crossclaim Plaintiffs' use of the sound recording and musical composition, ECX, in Narcos.

(b) Alternatively, Kreyol and/or Melodie has, have, or had the right and power, whether as an owner or co-owner of the musical composition and sound recording of ECX or otherwise, to license their use in "Narcos," and the actions taken by Kreyol and Melodie—including accepting and/or agreeing to accept royalty payments made under the Master Use Agreement and Publishing Use Agreement—constitute a ratification of those agreements, and an express and/or implied license from Kreyol and Melodie to the Counterclaim-Crossclaim Plaintiffs for use of the musical composition and sound recording of ECX in Narcos.

(c) Alternatively, if and to the extent that neither Idaly, nor Kreyol, nor Melodie had the right and power to license the use of the musical composition and sound recording of ECX in Narcos, and the Master Use Agreement and/or Publishing Use Agreement are otherwise invalid, none of the Counterclaim-Crossclaim Plaintiffs owe (or ever owed) to Idaly, Kreyol, or Melodie any royalties (or any other monies) with respect to, or any interest in the copyright in, Narcos.

## COUNT II
## BREACH OF CONTRACT
### (Against Idaly)

31. The preceding paragraphs of the counterclaims and crossclaims are realleged and incorporated by reference as if fully set forth herein.

32. The Counterclaim-Crossclaim Plaintiffs performed all of their obligations under the Master Use Agreement and Publishing Use Agreement.

16

33.     If, at the time that Idaly entered into the Master Use Agreement and Publishing Use Agreement, Idaly did not own 100% of the musical composition and sound recording of ECX, then Idaly materially breached one or more of its representations and warranties.  Idaly's representations and warranties, including as to its ownership and authority to enter into those agreements, were material terms to both agreements, without which Quality Control never would have entered into the agreements.

34.     Idaly is liable for any such material breach.  The resulting damages include but are not limited to compensatory damages (*e.g.*, monies paid and/or distributed under the license agreements, attorneys' fees and costs for defending this lawsuit, and any recovery by Plaintiffs against the Counterclaim-Crossclaim Plaintiffs), consequential damages, restitution, and other harms.

## COUNT III
## INDEMNIFICATION
## (Against Idaly)

35.     The preceding paragraphs of the counterclaims and crossclaims are realleged and incorporated by reference as if fully set forth herein.

36.     In both the Master Use Agreement and the Publishing Use Agreement, Idaly agreed to "indemnify Licensee from and against any liability arising from its breach of any representation and warranty."

37.     If Idaly breached its representations and warranties, or any of them, or otherwise did not in fact have the right and power to license the rights it licensed in the Master Use Agreement and the Publishing Use Agreement, or either of them, Idaly must indemnify the Counterclaim-Crossclaim Plaintiffs from and against any liability incurred by the Counterclaim-Crossclaim Plaintiffs arising from Idaly's breach of its representations and warranties.

## COUNT IV
## UNJUST ENRICHMENT
### (Against Kreyol and Melodie)

38. The preceding paragraphs of the counterclaims and crossclaims are realleged and incorporated by reference as if fully set forth herein.

39. The Counterclaim-Crossclaim Plaintiffs made royalty payments to Kreyol and Melodie under the Master Use Agreement and Publishing Use Agreement, as directed by Idaly. These royalty payments were accepted by Kreyol and Melodie, and not returned or refunded to any of the Counterclaim-Crossclaim Plaintiffs.

40. If, at the time that Idaly entered into the Master Use Agreement and Publishing Use Agreement, neither Idaly, Kreyol, nor Melodie were owners or co-owners of the musical composition and/or sound recording of ECX, then Kreyol and Melodie had no right to the royalty payments they received under the Master Use Agreement and/or the Publishing Use Agreement.

41. By receiving and retaining royalty payments to which they were not entitled, Kreyol and Melodie were unjustly enriched at the expense of the Counterclaim-Crossclaim Plaintiffs.

42. Equity and good conscience militate against permitting Kreyol and Melodie to retain the royalty payments they received under the Master Use Agreement and/or Publishing Use Agreement.

## JURY DEMAND

The Counterclaim-Crossclaim Plaintiffs hereby demand a trial by jury of all issues triable by jury.

## NOTICE OF ISSUE OF FOREIGN LAW

Pursuant to Fed. R. Civ. P. 44.1, Defendants and Counterclaim-Crossclaim Plaintiffs hereby give notice that they may raise an issue about a foreign country's law, including but not

limited to ownership of the musical composition and sound recording of ECX under Haitian law, to the extent applicable.

## **RELIEF REQUESTED**

WHEREFORE, Defendants and Counterclaim-Crossclaim Plaintiffs respectfully demand judgment:

(a) entering judgment on Plaintiffs' claims in favor of Defendants and against Plaintiffs, and dismissing the Amended Complaint with prejudice as to Defendants;

(b) directing pursuant to 17 U.S.C. § 505 that Plaintiffs pay to Defendants all costs of this action incurred by Defendants, including reasonable attorneys' fees;

(c) entering declaratory judgment as set forth in Count I of the counterclaim and crossclaims;

(d) directing that Idaly indemnify the Counterclaim-Crossclaim Plaintiffs for any damages awarded against the Counterclaim-Crossclaim Plaintiffs and/or defense costs (including reasonable attorneys' fees) incurred by the Counterclaim-Crossclaim Plaintiffs (to the extent such costs and fees are not ordered to be paid by Plaintiffs pursuant to 17 U.S.C. § 505);

(e) awarding damages to the Counterclaim-Crossclaim Plaintiffs as determined by the Court, including but not limited to directing Idaly and/or Kreyol and Melodie to refund the Counterclaim-Crossclaim Plaintiffs for all fees, advances, and royalties paid under the Master Use Agreement and Publishing Use Agreement, plus interest; and

(f) granting such other and further relief as the Court deems just and proper.

Dated: October 16, 2023
      New York, New York

    Respectfully submitted,

    DAVIS WRIGHT TREMAINE LLP

By: <u>/s/ Adam I. Rich</u>
    Adam I. Rich
    Raphael Holoszyc-Pimentel
    1251 Avenue of the Americas, 21st Floor
    New York, NY  10020-1104
    (212) 489-8230 Phone
    (212) 489-8340 Fax
    adamrich@dwt.com
    rhp@dwt.com

*Attorneys for Defendants and Counterclaim-Crossclaim Plaintiffs UMG Recordings, Inc., Universal Music Corporation, Universal Music Group, Inc., and Quality Control Music, LLC*