```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEEP ON KICKING MUSIC, INC., *et al.*

Plaintiffs,

-against-

UNIVERSAL MUSIC GROUP, INC., *et al.*

Defendant.

---

23-CV-4400 (JPO) (BCM)

**CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1. <u>Joinder and Amendment</u>. The parties may amend their pleadings on or before **September 19, 2024**. Thereafter, amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties after the deadline in this paragraph must be made pursuant to Fed. R. Civ. P. 15(a)(2) and will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4).

2. <u>Automatic Disclosures</u>. The parties shall exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **September 19, 2024**.

3. <u>Discovery with Regard to Liability</u>. For the reasons discussed at today's case management conference, formal discovery will be bifurcated, and initially limited to liability, at the conclusion of which the parties anticipate summary judgment motions. Following resolution of those motions, the Court will, if necessary, set a schedule for damages discovery. With regard to liability:

    a. <u>Written Discovery</u>. The parties shall serve their initial requests for production of documents and any initial interrogatories (in compliance with Local Rule 33.3(a)) no later than **October 3, 2024**.

    b. <u>Expert Musicology Discovery</u>. Plaintiffs have already served an expert musicology report. The remaining parties must disclose their expert musicology evidence, if any, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), no later than **January 27, 2025.** Expert musicology evidence intended solely to contradict or rebut an opposing party's report must be served no later than **February 17, 2025**. Depositions of musicology experts shall be completed no later than **March 7, 2025**.

  c. <u>Depositions and Additional Fact Discovery</u>. All remaining fact discovery, including depositions, shall be completed no later than **March 7, 2025**.

  d. <u>Additional Expert Discovery with Regard to Liability</u>. As to any remaining liability topics requiring expert evidence, the parties shall disclose that evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), no later than **April 4, 2025**. The disclosure of expert evidence intended solely to contradict or rebut an opposing party's report shall be made no later than **April 25, 2025**. Depositions of experts shall be completed no later than **May 9, 2025**.

4. <u>Close of Liability Discovery</u>. All liability discovery shall be completed no later than **May 9, 2025**.

5. <u>Summary Judgment as to Liability</u>. The parties' motions for summary judgment with regard to liability (or, if required by the district judge, pre-motion conference letters with respect to summary judgment) shall be filed no later than **30 days after the close of liability discovery**. Summary judgment motion papers shall conform to the individual practices of the district judge.

6. <u>Status Conference</u>. Judge Moses will conduct a status conference on **January 13, 2025, at 10:00 a.m.** No later than **January 6, 2025**, the parties shall submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

7. <u>Timely Discovery</u>. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

8. <u>Mediation and Settlement</u>. The parties may, at any time, request a referral to the court-annexed mediation program or a settlement conference before Judge Moses. If a settlement conference is scheduled, a separate order will issue concerning the conduct of the conference and the parties' pre-conference responsibilities.

9. <u>Conferences and Hearings</u>. All court conferences, hearings, and other proceedings will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call the designated number (which will be supplied by chambers) on their scheduled date, a few minutes before their scheduled time. **Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute**

**your line) until your case is called.** If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

10. Remote Depositions. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

11. Trial. The parties have stated that the anticipated length of trial is 2-6 days. Defendants Kreyol Music, Inc. and Melodie Makers, Inc. have requested a jury trial.

12. Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

13. Discovery of ESI. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

14. Discovery Applications. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

15. <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York
September 5, 2024

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**