UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEEP ON KICKING MUSIC, INC., KEEP ON MOVING MUSIC, INC., and FREE WORLD MUSIC, LIMITED,<br><br>        Plaintiffs,<br><br>    - against -<br><br>UNIVERSAL MUSIC GROUP, INC., UNIVERSAL MUSIC PUBLISHING GROUP, QUALITY CONTROL MUSIC, CAPITOL RECORDS, LLC, MOTOWN RECORDS, IDALY PUBLISHING, INC., KREYOL MUSIC, INC., and MELODIE MAKERS, INC.,<br><br>        Defendants. | No. 23-CV-4400 (JPO) (BCM) |
| UMG RECORDINGS, INC. (incorrectly sued as "Capitol Records, LLC" and "Motown Records"), UNIVERSAL MUSIC CORPORATION (incorrectly sued as "Universal Music Publishing Group"), UNIVERSAL MUSIC GROUP, INC., and QUALITY CONTROL MUSIC, LLC (incorrectly sued as "Quality Control Music"), Counterclaim-Crossclaim Plaintiffs,<br><br>    - against -<br><br>KEEP ON KICKING MUSIC, INC., KEEP ON MOVING MUSIC, INC., and FREE WORLD MUSIC, LIMITED,<br>        Counterclaim Defendants,<br><br>IDALY PUBLISHING, INC., KREYOL MUSIC, INC., and MELODIE MAKERS, INC.,<br><br>        Crossclaim Defendants. | |
| KREYOL MUSIC, INC. and MELODIE MAKERS, INC.,<br><br>        Third-Party Plaintiffs and<br>        Counterclaim-Crossclaim Plaintiffs,<br><br>    - against - | |

ROBERT MARTINO,

       Third-Party Defendant,

KEEP ON KICKING MUSIC, INC., KEEP ON
MOVING MUSIC, INC., and FREE WORLD MUSIC,
LIMITED,

       Counterclaim Defendants,

UMG RECORDINGS, INC., UNIVERSAL MUSIC
CORPORATION, UNIVERSAL MUSIC GROUP,
INC., QUALITY CONTROL MUSIC, LLC, and
IDALY PUBLISHING, INC.,

       Crossclaim Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
THIRD-PARTY DEFENDANT ROBERT MARTINO'S
MOTION TO DISMISS THE THIRD-PARTY COMPLAINT
FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

PRELIMINARY STATEMENT .......................................................................................................... 1

PROCEDURAL POSTURE ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................................... 1

ARGUMENT ........................................................................................................................................... 4

      I.      Legal Standard on Motion to Dismiss ..................................................................... 4

      II.     Third-Party Plaintiffs Have Failed to Allege Facts Sufficient to Establish their Ownership of the *ECX* Composition or Sound Recording ..................................... 4

      III.    Because Third-Party Plaintiffs Have Not Pled Copyright Ownership, Each of the Third-Party Counts Based on Copyright Ownership Should be Dismissed .......... 6

      IV.    The Third-Party Counts Based on Breach of Contract Also Fail to State a Claim. 8

CONCLUSION...................................................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 4

*Gentile v. Crededio*, No. 1:21-CV-08528-LTS, 2023 WL 2744413 (S.D.N.Y. Mar. 31, 2023).... 5

*Germain v. Martin*, No. 1:22-CV-08337 (ALC), 2024 WL 4335613 (S.D.N.Y. Sept. 27, 2024).. 5

*Holmes v. Grubman*, 568 F.3d 329 (2d Cir. 2009) ........................................................ 4

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992) ................................................... 4

*Morris v. Atchity*, No. 08-cv-5321-RSWL, 2009 WL 463971 (C.D. Cal. Jan. 13, 2009) ............. 6

*Nicklen v. Sinclair Broad. Grp., Inc.*, 551 F. Supp. 3d 188 (S.D.N.Y. 2021) ................................ 4

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57 (2d Cir. 2010) ................... 4

*Red Apple Media, Inc. v. Batchelor*, No. 23-CV-10253 (JSR), 2024 WL 1504439 (S.D.N.Y. Apr. 8, 2024) ............................................................................................................. 11

*Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182 (2d Cir. 2012)........................... 4

*TCA Television Corp. v. McCollum*, No. 15-cv-4325-GBD-JCF, 2017 WL 2418751 (S.D.N.Y. June 5, 2017), *report and recommendation adopted*, No. 15-cv-4325-GBD-JCF, 2018 WL 2932724 (S.D.N.Y. June 12, 2018)........................................................................ 4

*Wager v. Littell*, 549 F. App'x 32 (2d Cir. 2014) ........................................................ 4

*Ward v. Mitchell*, No. 12-cv-3932-NC, 2013 WL 1758840 (N.D. Cal. Apr. 24, 2013)................. 6

*Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610 (S.D.N.Y. 2013)................................... 4

## Statutes

Fed. R. Civ. P. 12(b)(1)............................................................................................ 1

Fed. R. Civ. P. 12(b)(6).......................................................................................... 1, 5

## PRELIMINARY STATEMENT

Third-Party Defendant Robert Martino ("Third-Party Defendant"), through the undersigned litigation counsel, submits this Memorandum of Law in support of his Motion to Dismiss the Third-Party Complaint (ECF 87) of Third-Party Plaintiffs Kreyol Music, Inc. and Melodie Makers, Inc. ("Third-Party Plaintiffs") asserted against Third-Party Defendant, for failure to state a claim, due to Third-Party Plaintiffs' failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) .

## PROCEDURAL POSTURE

On August 21, 2024, Third-Party Plaintiffs filed their Third-Party Complaint against Third-Party Defendant.  ECF 87.  On October 17, 2024, the Clerk of Court issued a Certificate of Default as to Third-Party Defendant.  ECF 104.  On October 22, 2024, Third-Party Defendant and Third-Party Plaintiffs stipulated to set aside the entry of default and that Third-Party Defendant would file this Motion to Dismiss.  ECF 108.[1]

## STATEMENT OF FACTS

As discussed below, on a motion to dismiss, the Court is directed to assume all of the facts alleged by the plaintiff to be true, unless contradicted by unrebuttable evidence.  In this case, even if all of Third-Party Plaintiffs' alleged facts were true, the Third-Party Complaint must be dismissed for failure to state a claim.  The Third-Party Complaint asserts four Counts against Third-Party Defendant (reordered here for ease of understanding):

> Third-Party Count IV: Copyright Infringement: Third-Party Plaintiffs claim that Third-Party Defendant infringed their copyright in *ECX* through the release of the album *Viva Les Difficiles*, which contained a sound recording of *ECX.*

---

[1] The Stipulation awaits review and So-Ordering by the Court.

Third-Party Count V: Breach of Contract: Third-Party Plaintiffs allege that Third-Party Defendant breached a 2007 contract through the release of the album *Viva Les Difficiles* and the release of the album *The Legend is Back*.

Third-Party Count I: Declaratory Judgment: Third-Party Plaintiffs ask the Court for declarations against Third-Party Defendant that: (i) Third-Party Defendant has no publishing rights in the musical composition *ECX* (ii) Third-Party Defendant has no sound recording rights in the master recording of *ECX* (iii) Third-Party Defendant infringed the copyright in *ECX* (per Count IV), and (iv) breached the 2007 contract through the release of the albums *Viva Les Difficiles* and *The Legend is Back* (per Count V).

Third-Party Count III: Declaratory Judgment: Third-Party Plaintiffs ask the Court for a declaration that Third-Party Defendant does not own the sound recording rights to *ECX*, and thus to cancel the copyright registration for *ECX* allegedly held by Plaintiffs and Third-Party Defendant.

At the heart the Third-Party Complaint is Third-Party Plaintiffs' explanation of how they are the rightful owners of the *ECX* musical composition and sound recording, as opposed to Plaintiffs Keep On Kicking Music, Inc., Keep On Moving Music, Inc., and Free World Music, Limited (together, "Plaintiffs") and/or Third-Party Defendant:

**Creation of Composition of Espoir/Composition X (ECX)**

25. In the mid-1960s in Haiti, a neighborhood band *Les Difficiles de Petion Ville* created and played Haitian-influenced music. Henry Celestin was the principal owner and leader of the band. Mr. Celestin is a Haitian citizen and continues to reside in Haiti.

26. One of the guitarists for the band was Robert Martino who then resided in Haiti. Mr. Martino claims to have been an author of the musical composition *ECX*.

27. <u>Upon information and belief, Mr. Martino created the musical composition as a work for hire for the band *Les Difficiles de Petion Ville*</u>. Mr. Martino had a falling out with the band, and in 1970 he left the band and went on to play with a series of other bands. Another guitarist replaced Mr. Martino in the band *Les Difficiles de Petion Ville*.

….

32. Mr. Cine came up with the idea of gathering most of the original musicians of the group *Les Difficiles de Petion Ville* to do a remake of some of their greatest hits. The album created by Cine Disc was called *Viva Les Difficiles*, and the new recording benefited from advances from a 24-track recording studio in Port Au

Prince, Haiti called Audiotek. Henry Celestin came out of retirement to perform the seven songs on the album. The composition *ECX* was included on *Viva Les Difficiles*. At the time of the studio recording of *Viva Les Difficiles*, Mr. Martino was the part owner and band leader of the group Scorpio. <u>Mr. Martino's participation in *Viva Les Difficiles* was as a work for hire for Mr. Celestin</u> who, upon information and belief, owned the band *Les Difficiles de Petion Ville* and all the composition, publishing and sound recording rights of the band and its members.

....

### Melodie Makers Affiliate Acquired All Rights in Viva Les Difficile Compositions and Sound Recording

38. ....On December 8, 1995, [Third-Party Plaintiffs] and <u>Mr. Cine</u> negotiated and finalized the <u>purchase of, among others, *Viva Les Difficiles*</u>. These negotiations took place in Miami, Florida.

ECF 87 (emphasis added).

Third-Party Plaintiffs' allegations are not entirely clear, but they appear to be that: (i) Third-Party Defendant composed *ECX* – "upon information and belief" – "as a work for hire" for Henry Celestin; and then (ii) Third-Party Defendant performed *ECX* for purposes of creating a sound recording for Mr. Yvone Cine and Cine Disc, and Mr. Celestin conveyed rights in *ECX* to Mr. Cine because Third-Party Defendant's participation "was as a work for hire for Mr. Celestin," again "upon information and belief." ECF 87 ¶¶ 27 & 32. Third-Party Plaintiffs then (iii) allegedly purchased the rights to *ECX* from Mr. Cine (although the Third-Party Complaint is silent as to the exact manner by which Mr. Celestin conveyed any rights to Mr. Cine). *Id*. ¶ 38. The Third-Party Complaint contains no additional details about either of the alleged "work for hire" arrangements (for the composition and recording of *ECX*) between Third-Party Defendant and Mr. Celestin.

3

**ARGUMENT**

**I.      Legal Standard on Motion to Dismiss**

For purposes of this motion – and this motion alone – Third-Party Defendant "accept[s]

all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the

plaintiffs' favor." *Nicklen v. Sinclair Broad. Grp., Inc.*, 551 F. Supp. 3d 188, 193 (S.D.N.Y.

2021) (*quoting  Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir.

2010) (*quoting Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). "Threadbare recitals of

the elements of a cause of action" and conclusory allegations are not presumed true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).

**II.      Third-Party Plaintiffs Have Failed to Allege Facts Sufficient to Establish their**
**         Ownership of the *ECX* Composition or Sound Recording**

"To plead copyright infringement, a plaintiff must allege (1) ownership of a valid

copyright and (2) unauthorized copying of the copyrighted work."  *Wager v. Littell*, 549 F. App'x

32, 33 (2d Cir. 2014) (*citing Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186

(2d Cir. 2012)).

"[I]t is the plaintiffs' burden to allege…'that plaintiff owns the copyrights in those

works….'" *TCA Television Corp. v. McCollum*, No. 15-cv-4325-GBD-JCF, 2017 WL 2418751,

at *12 (S.D.N.Y. June 5, 2017) (*quoting Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d

610, 616 (S.D.N.Y. 2013) (*quoting Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)),

*report and recommendation adopted*, No. 15-cv-4325-GBD-JCF, 2018 WL 2932724 (S.D.N.Y.

June 12, 2018).   Third-Party Plaintiffs fail to meet this pleading burden, and all of their claims

based on copyright ownership must be dismissed.

Third-Party Plaintiffs claim that Third-Party Defendant composed *ECX*, "upon

information and belief" as a "work for hire" for Mr. Celestin, and later participated in the

recording of *ECX*, again "upon information and belief" and again on a "work for hire" basis.

ECF 87 ¶¶ 37 & 32.  Although these allegations are presumed to be true for purposes of this

motion, they are conclusory and fail to satisfy the pleading standards.

>    The Copyright Act defines a "work made for hire" as:
>
>    (1) a work prepared by an employee <u>within the scope of his or her employment</u>;
>    or
>
>    (2) a work specially ordered or commissioned for use as a contribution to a
>    collective work, as a part of a motion picture or other audiovisual work, as a
>    translation, as a supplementary work, as a compilation, as an instructional text, as
>    a test, as answer material for a test, or as an atlas, <u>if the parties expressly agree in
>    a written instrument signed by them that the work shall be considered a work
>    made for hire</u>.

17 U.S.C. § 101 (emphasis added).

Third-Party Plaintiffs fail to plead copyright ownership, as the Third-Party Complaint

neither alleges that Third-Party Defendant was an employee of Mr. Celestin acting within the

scope of his employment, nor that Third-Party Defendant and Mr. Celestin agreed in a written

instrument signed by them that his contributions would be a work for hire.  Third-Party Plaintiff

has failed to meet his burden to state a legally-cognizable claim, and the Third-Party Complaint

thus fails to state any claims arising from Third-Party Plaintiffs' alleged ownership of *ECX*, and

should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *Germain v. Martin*, No. 1:22-

CV-08337 (ALC), 2024 WL 4335613, at *4 (S.D.N.Y. Sept. 27, 2024) ("Plaintiff does not

provide any factual support regarding the work for hire argument….only proffered conclusory

statements….Court finds that Plaintiff has not pled sufficient facts to claim valid ownership of

the copyrighted sound recording"); *Gentile v. Crededio*, No. 1:21-CV-08528-LTS, 2023 WL

2744413, at *7 (S.D.N.Y. Mar. 31, 2023) ("even construing all factual allegations in the light

most favorable to the Plaintiffs, the Court concludes that Plaintiffs have failed to allege plausibly

their authorship of the Work, under either the traditional authorship or work-made-for-hire

approaches," granting motion to dismiss); *Ward v. Mitchell*, No. 12-cv-3932-NC, 2013 WL

1758840, at *4 (N.D. Cal. Apr. 24, 2013) (granting motion to dismiss because party "does not

allege either the requisite employee relationship, or the existence of a signed written instrument

expressly designating the two albums as work for hire….thus fails to sufficiently plead

ownership of the copyrights under a work for hire theory"); *Morris v. Atchity*, No. 08-cv-5321-

RSWL, 2009 WL 463971, at *6 (C.D. Cal. Jan. 13, 2009) (granting motion to dismiss because

"Plaintiff has not established ownership of the Derivative Work via the 'work for hire'

doctrine").

**III.    Because Third-Party Plaintiffs Have Not Pled Copyright Ownership, Each of the Third-Party Counts Based on Copyright Ownership Should be Dismissed**

Third-Party Count IV asserts claims of copyright infringement against Third-Party

Defendant based on the following allegations – all expressed "upon information and belief":

> 88. Upon information and belief, in 2022, Robert Martino in concert with the Plaintiffs released and sold a remastering of the sound recording of the album *Viva Les Difficiles* containing *ECX*….
>
> 91. Martino and Plaintiffs unauthorized reproduction, distribution, public performance, display, and creation of the Remastered and Infringing Martino Album infringes on Kreyol Music and Melodie Makers's exclusive rights in *Viva Les Difficiles* in violation of the Haitian Copyright Laws, and/or the U.S Copyright Act, 17 U.S.C. §§ 101, et seq.

ECF 87.

As reflected above, however, all of Third-Party Plaintiffs' alleged rights in *ECX* depend

on Third-Party Defendant having composed and recorded the song for Mr. Celestin on a work for

hire basis, who then conveyed his rights to Mr. Cine, who then conveyed his rights to Third-

Party Plaintiffs.  If Mr. Celestin never owned the rights, then neither did Mr. Cine or Third-Party

Plaintiffs.  Having failed to plead copyright ownership, Third-Party Plaintiffs' claim for

copyright ownership fails and must be dismissed.

Third-Party Count III seeks cancellation of a copyright registration for *ECX* on the same

basis asserted in Count IV:

> 81. Kreyol Music and Melodie Makers are the rightful owners of the publishing
> and sound recording rights in the musical composition *ECX* and the owner of the
> sound recording of *ECX* contained on the album *Viva les Difficiles* purchased
> from its original owner and Executive Producer Yvon Cine of Cine Disc in 1995.

ECF 87.  The Third-Party Complaint fails to allege copyright ownership by Third-Party

Plaintiffs, because it fails to allege ownership by Mr. Celestin, and thus fails to allege

conveyance by Mr. Celestin to Mr. Cine to Third-Party Plaintiffs.  Third-Party Count III should

be dismissed for failure to state a claim.[2]

Third-Party Count I seeks declaratory judgment – with respect to Third-Party Defendant

and ownership of *ECX* – as follows:

> a.  Kreyol Music and Melodie Makers are the <u>sole owners of the publishing
>     rights and sound recording rights in and to *ECX*</u>….
>
> g.  <u>Martino has no publishing rights</u> in the musical composition *ECX*….
>
> h.  <u>Martino has no sound recording rights</u> in the master recording of *ECX*….
>
> k.  Kreyol Music and Melodie Makers are the <u>sole owners of the publishing and
>     sound recording rights in the album</u> of *Viva Les Difficiles*….
>
> l.  Martino and Plaintiffs' <u>unauthorized use of the master sound recording of
>     *Viva Les Difficiles*</u> in the Remastered and Infringing Martino Album
>     constitutes (a) copyright infringement of Kreyol Music and Melodie Makers's
>     publishing and sound recording rights….

ECF 83 ¶ 62 (emphasis added).[3]

---

[2] The copyright registration in question – SR0000412913 – lists only Free World Music, Ltd.
(one of the Plaintiffs) as "Owner(s) of Copyright," and lists Third-Party Defendant only as
"Author(s)."  ECF 1-3.  If it is fact the case that Third-Party Defendant does not <u>own</u> the
copyright registration that Third-Party Plaintiffs seek to cancel, Third-Party Count III should be
dismissed as against Third-Party Defendant for this additional reason.

[3] The balance of the Third-Party Count I requested declarations concerning Third-Party
Defendant are discussed in the next section.

Each of the foregoing requested declarations depends on the truth of Third-Party Plaintiffs' allegation that Mr. Celestin owned the rights to *ECX* by Third-Party Defendant's composition of *ECX*, and performance of *ECX* for the recording, on a work-for-hire basis. Having failed to allege facts sufficient to support a work for hire situation, Third-Party Plaintiffs have failed to allege ownership by Mr. Celestin, by Mr. Cine, and by Third-Party Plaintiffs. Third-Party Count I – to the extent asserted against Third-Party Defendant with respect to ownership of *ECX* – should be dismissed.

## IV.    The Third-Party Counts Based on Breach of Contract Also Fail to State a Claim

Third-Party Count V asserts breach of contract of the 2007 agreement between Third-Party Plaintiffs and Third-Party Defendant (the "2007 Agreement"), and Third-Party Count I seeks parallel declarations relating to the 2007 Agreement:

l.  Martino and Plaintiffs' unauthorized use of the master sound recording of *Viva Les Difficiles* in the Remastered and Infringing Martino Album constitutes…(b) breach of the 2007 Kreyol Music/Martino Agreement.

m.  Martino's release, sale and exploitation of the album *The Legend is Back* constitutes a breach of the 2007 Kreyol Music/Martino Agreement because (a) Martino agreed that Kreyol Music was its sole representative in the music matters relating to the music and recording industry, and (b) Kreyol Music purchased publishing and sound recording rights for the works *Oye Chica* and *Ti DWET* which songs were included on such album without authorization and without compensation to Kreyol Music.

Third-Party Plaintiffs filed a copy of the 2007 Agreement with the Court at ECF 80-3. These claims should be dismissed on multiple grounds.

First, all of Third-Party Count V and the relevant portions of Third-Party Count I should be dismissed because the 2007 Agreement requires litigation of any disputes in Florida: "The parties hereby agree that in the event of disputes, litigations and lawsuits, the courts of the state of Florida will have jurisdiction over this contract." ECF 80-3 § 7.j.

Second, the 2007 Agreement does not expressly indicate when the term of the contract ended, but it clearly lasted <u>no longer than</u> the period of the "First Option" on the "Second Album." ECF 80-3 § 1.a. The contract speaks specifically about how Third-Party Plaintiffs "shall have the sole and exclusive publishing rights of all the songs, melodies or other music created by ARTIST jointly and severally <u>under the duration of this contract and for the albums considered</u>." ECF 80-3 § 1.c. (emphasis added). Therefore, when the 2007 Agreement states that Third-Party Defendant shall "bring to the LABEL'S attention each and every inquiry, proposal and/or offer it receives relating to the ARTIST'S involvement in the music and recording industry" (ECF 80-3 § 2.e.), that provision was self-evidently not to exist in perpetuity, but for the "duration of this contract," *i.e.*, through the exercise or non-exercise of the "First Option" on the "Second Album."

Third-Party Plaintiffs do not allege when Third-Party Defendant released his "Second Album," nor do they allege whether he did or did not offer the "First Option" for the "Second Album" to Third-Party Plaintiffs, nor do they allege whether Third-Party Plaintiffs exercised or declined any such option. Third-Party Plaintiffs certainly do not allege that Third-Party Defendant released <u>no</u> albums between 2007 and 2021, as to do so would be implausible.[4] Indeed, the Third-Party Plaintiffs do not allege that Third-Party Defendant breached the "Second Album: First Option" provision at all, but rather the "bring to the LABEL'S attention" provision quoted above.

The term of the 2007 Agreement ended with the release of the Second Album, regardless of whether Third-Party Defendant gave Third-Party Plaintiffs' the right to exercise their "First

---

[4] The Court can take judicial notice that Third-Party Defendant released albums during that interval. *See, e.g.,* https://open.spotify.com/album/5n83LAHunExeakrNXVhz9b.

9

Option" on that Album, and regardless of whether Third-Party Plaintiffs exercised or declined to exercise such option.  The release of *The Legend is Back* in 2021[5] and re-release of the *ECX* album in 2022 (ECF 87 ¶ 54) are irrelevant, as any rights held by Third-Party Plaintiffs were expired.

Third, Third-Party Plaintiffs' contract claim lacks any credible allegations of damages – another failure that is fatal to the claim.  Third-Party Plaintiffs allege that Third-Party Defendant did not abide by the "bring to the LABEL'S attention" obligation, but provide no details whatsoever about what Third-Party Defendant should have done that he did not do, or how his failure to do so gave rise to any damages to Third-Party Plaintiffs, let alone any insight into the quantum or even nature of damages at issue.

Fourth, because Third-Party Plaintiffs' contract claims sound in copyright, they are preempted and should for this additional reason be dismissed.  Third-Party Plaintiffs seek a declaration that the re-release of the *ECX* album violated both copyright and contract:

> l.    Martino and Plaintiffs' unauthorized use of the master sound recording of
>       *Viva Les Difficiles* in the Remastered and Infringing Martino Album
>       constitutes (a) copyright infringement of Kreyol Music and Melodie Makers's
>       publishing and sound recording rights and (b) breach of the 2007 Kreyol
>       Music/Martino Agreement.

ECF 87 ¶ 62.  Third-Party Plaintiffs also seek a declaration that the release of *The Legend is Back* violated their "publishing and sound recording rights":

> m.   Martino's release, sale and exploitation of the album *The Legend is Back*
>       constitutes a breach of the 2007 Kreyol Music/Martino Agreement
>       because…(b) Kreyol Music purchased publishing and sound recording rights
>       for the works *Oye Chica* and *Ti DWET* which songs were included on such
>       album without authorization and without compensation to Kreyol Music.

---

[5] Third-Party Plaintiffs do not allege when this album was released, but the Court can take judicial notice that *The Legend is Back* was released in 2021.
https://open.spotify.com/album/5WeZB1eKS8JU3uUnqhQr0X

ECF 87 ¶ 62.

Each of these claims sounds in, and is therefore preempted by, copyright law.  The contract claims relating to *ECX* should be dismissed because the Court already has before it claims relating to *ECX* sounding in copyright, and the contract claims relating to *Oye Chica* and *Ti DWET* – the two songs on *The Legend is Back* – should be dismissed because they are copyright claims disguised as contract claims.  *Red Apple Media, Inc. v. Batchelor*, No. 23-CV-10253 (JSR), 2024 WL 1504439, at *6 (S.D.N.Y. Apr. 8, 2024) ("A claim, such as this, that defendant distributed a particular work in violation of an agreement not to do so, without any other reciprocal promise, simply reasserts the same rights protected by the Copyright Act").

## CONCLUSION

Third-Party Defendant Robert Martino's Motion to Dismiss the Third-Party Complaint should be granted in full and with prejudice.


Dated:  New York, New York                     Respectfully submitted,
        October 22, 2024

                                                        /s/ Hillel I. Parness
                                                Hillel I. Parness
                                                PARNESS LAW FIRM, PLLC
                                                136 Madison Ave., 6th Floor
                                                New York, New York  10016
                                                212-447-5299
                                                hip@hiplaw.com
                                                *Attorneys for Third-Party Defendant*
                                                 *Robert Martino*