

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Adam I. Rich**
Tel 212-402-4065
adamrich@dwt.com

June 13, 2025

**BY ECF**
Hon. Barbara Moses
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Keep On Kicking Music, Inc., et al. v. Universal Music Group, Inc., et al.*,
       **1:23-cv-04400-JPO-BCM – Response to Martino's Motion for Status Conference**

Dear Judge Moses:

      We represent defendants UMG Recordings, Inc., Universal Music Corp., Universal Music Group, Inc., and Quality Control Music, LLC (together, the "Universal Defendants").[1]  We write in response to Third Party Defendant Robert Martino's letter requesting a conference to discuss the Court's prior discovery orders in light of the Opinion and Order issued yesterday by Judge Oetken, granting in part, and denying in part Mr. Martino's motion to dismiss.  While we do not object to a conference, we do not believe that one is necessary.  Judge Oetken's decision in no way changes Mr Martino's discovery obligations in this case.

      Mr. Martino remains a party.  While it is true that Judge Oetken dismissed *without prejudice* Kreyol's third party claims against Mr. Martino with respect to "ECX," Kreyol advises that it will file an amended complaint shortly (and its other claims against Mr. Martino were sustained).  But even if that were not true, it would have no bearing on Mr. Martino's obligation to produce discovery regarding "ECX."  The federal rules permit "discovery regarding *any* matter 'relevant to *any* party's claim or defense.'"  8 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2011 (2d ed. 2008) (emphasis added) (quoting Fed. R. Civ. P. 26(b)(1)).  Mr. Martino's information is not just *relevant* to Plaintiffs' claims; it is crucial.  He is the alleged author of the work at the center of this case—"ECX"—and Plaintiffs' claims rise or fall on his testimony because their *only* claim to ownership of "ECX" is an alleged transfer of rights from Mr. Martino.  *See* Am. Compl. ¶¶ 2, 29, 36, Ex. 3.  There is simply no reason for delaying or limiting Mr. Martino's deposition, particularly given that he is purportedly in failing health.  Nor is there any reason for this Court to revisit its June 9 Order requiring that Mr. Martino complete a reasonable

---

[1] We have conferred with Defendants Melodie Makers, Inc. and Kreyol Music, Inc. (together, the "Kreyol Defendants"), and they are in agreement with the positions set forth in this letter.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4920-1263-0605v.1 0116085-000007

Hon. Barbara Moses
June 13, 2025
Page 2

search of his documents. *See* Dkt. 139.[2] Any delay in obtaining Mr. Martino's information would be highly prejudicial to the Universal Defendants (and to Kreyol), particularly given that we are now less than two months from the close of fact discovery.

For the foregoing reasons, we respectfully request that the Court decline Mr. Martino's invitation to revisit or modify its prior orders with respect to Mr. Martino's discovery obligations.

Respectfully Submitted,

*/s/ Adam I. Rich*
Adam I. Rich

---

[2] Even if the third party claims against Martino were ultimately dismissed (which is extremely unlikely), he would still be subject to a Rule 45 subpoena, and would still be required to provide evidence and testimony concerning "ECX." Given the parties' compelling need to obtain Mr. Martino's evidence in this case, his burden to participate in discovery is not "undue." *Lelchook v. Lebanese Canadian Bank, SAL*, 670 F. Supp. 3d 51, 54-55 (S.D.N.Y. 2023) ("When evaluating undue burden [in the Rule 45 context,] the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed."). *See also In re Chevron Corp.*, 749 F. Supp. 2d 135, 140 (S.D.N.Y.) (finding in the context of 28 U.S.C. § 1782 that any alleged burden "must be counterbalanced against the need for the documents, which is very great indeed . . . [i]n these circumstances, the Court is not prepared to find that any burden would be undue.").