

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Raphael Holoszyc-Pimentel**
(212) 402-4097 tel
(212) 489-8340 fax

rhp@dwt.com

June 27, 2025

**VIA ECF**

The Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re:  *Keep on Kicking Music, Inc., et al. v. Universal Music Group, Inc., et al.*,
   No. 1:23-cv-04400-JPO-BCM

Dear Judge Moses:

      We represent defendants UMG Recordings, Inc., Universal Music Corp., Universal Music Group, Inc., and Quality Control Music, LLC (the "Universal Defendants") in this copyright action.  For the reasons set forth below, the Universal Defendants respectfully request that the Court permit substituted service of two subpoenas (one for documents, and one to appear for a deposition) (the "Subpoenas") on third-party Jerry Duplessis.[1]

      Mr. Duplessis is the CEO of Defendant Idaly Publishing, Inc. ("Idaly"), which licensed the allegedly infringed song ("ECX") to the Universal Defendants.[2]  And according to deposition testimony given this week by the alleged composer of "ECX"—Defendant Robert Martino—Mr. Duplessis also deposited money into Mr. Martino's bank account around the time that the allegedly infringing song ("Narcos") was released.  Mr. Martino further testified that Mr. Duplessis' music studio paid him in connection with the use of "ECX" in a different song that was released in or around 2008.  In short, Mr. Duplessis is an important witness in this case.

      The Universal Defendants have made diligent efforts to serve the Subpoenas on Mr. Duplessis personally, but those efforts have failed.  On June 13, 2025, we contacted an attorney known to represent Mr. Duplessis in transactional matters, and asked if that attorney would accept service of the Subpoenas on behalf of Mr. Duplessis.  On June 17, that attorney's office advised us that they were not authorized to accept service.

---

[1] The two Subpoenas are attached hereto as **Exhibit 1**.

[2] Idaly's default in this case was certified by the Clerk of Court on January 12, 2024.  Dkt. 52.

Page 2

Then, between June 17 and 23, the Universal Defendants attempted unsuccessfully to serve Mr. Duplessis at his New Jersey home seven times.³ Notably, on one occasion, a woman at the residence called Mr. Duplessis and put him on the phone with the process server. Mr. Duplessis spoke to the process server but refused to state when he would be available, instead telling the server that he "would have to figure out how to reach him" before hanging up. Ex. 2 at 1. On another occasion, the same woman told the process server that Mr. Duplessis would be back "in 5 minutes," but Mr. Duplessis did not appear even as the server waited an hour for him. *Id.* at 2.

Rule 45(b)(1) requires that subpoenas be served by "delivering" a copy to the named person. Fed. R. Civ. P. 45(b)(1). The term "delivering" is not defined, and while it is often understood to mean personal service, the Rule "neither requires in-hand service nor prohibits alternative means of service." *SEC v. Pence*, 322 F.R.D. 450, 453 (S.D.N.Y. 2017) (quoting *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116(PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009)).

Courts in this District "have authorized alternative service that is reasonably designed to ensure that a witness actually receives a subpoena." *Id.* at 454 (quoting *Kenyon v. Simon & Schuster, Inc.*, No. 16 Misc. 327 (P1), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016)). Such alternative methods of service include certified mail and email. *Id.* at 454–455 (collecting cases). Here, service by certified mail and email is reasonably designed to ensure receipt because (1) an individual at Mr. Duplessis' home address confirmed that he can be found there, (2) documents produced in this case contain an email address that Mr. Duplessis apparently used for business purposes, and (3) Mr. Duplessis is aware of the attempts to serve him and is evidently evading personal service.

Courts often require a party requesting substituted service to demonstrate "prior diligent attempt[s] to personally serve." *Id.* at 454 (alteration in original) (quoting *Kenyon*, 2016 WL 5930265, at *3). For example, courts have allowed substituted service after six attempts at personal service, *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, No. 14 Civ. 1783(PAE), 2014 WL 6361746, at *1–2 (S.D.N.Y. Nov. 14, 2014), and as few as two attempts, *Ultradent Prods., Inc. v. Hayman*, No. M8-85 RPP, 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002). Here, the Universal Defendants have made seven attempts to personally serve Mr. Duplessis—more than the number of attempts in both *Tube City* and *Ultradent*. Therefore, the Universal Defendants have made diligent attempts at personal service, and substituted service is appropriate.

Accordingly, the Universal Defendants respectfully request permission to serve the Subpoenas on Mr. Duplessis by certified mail and email. The Universal Defendants have

---

³ As detailed in the process server's declaration attached hereto as **Exhibit 2**, the Universal Defendants attempted to serve Mr. Duplessis personally at his home at various times over the course of a week:
1. June 17, 2025, at 3:09 PM
2. June 17, 2025, at 7:24 PM
3. June 18, 2025, at 7:18 AM
4. June 18, 2025, at 9:45 AM
5. June 20, 2025, at 5:13 PM
6. June 22, 2025, at 8:21 AM
7. June 23, 2025, at 1:00 PM

conferred with the other parties who have appeared in this case, and they do not object to this request.

       We thank the Court for its attention to this matter.

                                          Respectfully submitted,

                                          Davis Wright Tremaine LLP

                                          */s/ Raphael Holoszyc-Pimentel*

                                          Raphael Holoszyc-Pimentel