USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/10/25_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEEP ON KICKING MUSIC, INC., et al.,

    Plaintiffs,

-against-

UMG RECORDINGS, INC., et al.,

    Defendants.

UMG RECORDINGS, INC., et al.,

    Counterclaim-Crossclaim Plaintiffs,

- against -

KEEP ON KICKING MUSIC, INC., et al.,

    Counterclaim Defendants,

IDALY PUBLISHING, INC., et al.,

    Crossclaim Defendants.

KREYOL MUSIC, INC., et al.,

    Third-Party Plaintiffs and
    Counterclaim-Crossclaim Plaintiffs,

- against -

ROBERT MARTINO,

    Third-Party Defendant,

KEEP ON KICKING MUSIC, INC., et al.,

    Counterclaim Defendants,

UMG RECORDINGS, INC., et al.,

    Crossclaim Defendants.

23-CV-4400 (JPO) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Now before the Court is the Universal Defendants' unopposed letter-motion (Mot.) (Dkt. 148) seeking leave to serve two discovery subpoenas (one for testimony and one for documents) on non-party Jerry Duplessis, the CEO of defendant Idaly Publishing, by certified mail to his home address in Caldwell, New Jersey, and by "registered email" to four email addresses that Duplessis has recently used or currently uses. For the reasons that follow, the motion will be granted.

**Discussion**

"Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). The word "delivering" is not defined in the Rules. While some district courts have interpreted Rule 45(b) as requiring personal service, *see, e.g.*, *SEC v. Pence,* 322 F.R.D. 450, 453 (S.D.N.Y. 2017) (collecting cases), "there is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service." *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016) (cleaned up). In recent years, many district courts have come to the conclusion that the rule "neither requires in-hand service nor prohibits alternative means of service." *Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, 2021 WL 2767131, at *1 (S.D.N.Y. July 2, 2021) (quoting *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009)). These courts have routinely authorized service of subpoenas by alternative means – including by certified mail and registered email – when such service "reasonably insures actual receipt of the subpoena by the witness" and is "reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections." *JPMorgan Chase*, 2009 WL 1313259, at *3. In addition, before granting leave to serve by alternative means, courts typically require the movant to "demonstrate a prior diligent attempt to personally serve" the witness. *Kenyon*, 2016 WL 5930265, at *3.

In this case, the Universal Defendants have shown that they made diligent efforts to personally serve Duplessis. On seven occasions between June 17 and 23, 2025, their process server, Raymond Dash, attempted unsuccessfully to serve Duplessis at what they believe to be his home address in Caldwell, New Jersey. Mot. at 2; Dash Decl. (Dkt. 148-2); Holoszyc-Pimentel Decl. (Dkt. 151) ¶ 4. On one of these occasions, the process server spoke with a woman at the residence who called Duplessis and put Dash on the phone with him. Dash Decl. at ECF p. 2.

However, Duplessis "would not tell [Dash] when he would be available," and stated that Dash "would have to figure out how to reach him." *Id*. On another occasion, the same woman told Dash that Duplessis would be there "in 5 minutes." *Id*. at ECF p. 3. Dash waited for an hour, but Duplessis never arrived. *Id*. These interactions suggest that Duplessis is aware that the Universal Defendants are attempting to serve him with subpoenas,[1] and may be intentionally evading service. The Universal Defendants have also tied Duplessis to the Caldwell address by means of his (now expired) driver's license, which lists that address as his home address, *see* Holoszyc-Pimentel Decl. ¶ 3 & Ex. A (Dkt. 151-1) at ECF p. 6, and various change-of-address, W-9, and electronic payment authorization forms listing the same address for the company he leads, defendant Idaly Publishing. *Id*. Ex. A at ECF pp. 2-5. The Universal Defendants propose to serve Duplessis at the Caldwell address by registered mail. Mot. at 2.

The Universal Defendants further propose to serve Duplessis by registered email, using the RPost service,[2] at four email addresses: princewonda@gmail.com, kp329@me.com, info@platinumsoundny.com, and info@wondamusic.com. *See* Holoszyc-Pimentel Decl. ¶¶ 6-9; *id*. Ex. A at ECF pp. 2, 5; *id*. Ex. B (Dkt. 151-2). For the first two email addresses (princewonda@gmail.com and kp329@me.com), the Universal Defendants have shown only that Duplessis used them in August 2021 and July 2020, respectively. *See id*. Ex. A at ECF pp. 2, 5; *id*. Ex. B. However, the other two email addresses (info@platinumsoundny.com and

---

[1] Prior to making their service attempts at the Caldwell residence, the Universal Defendants contacted "an attorney known to represent Mr. Duplessis in transactional matters," but that attorney's office advised the Universal Defendants that "they were not authorized to accept service" for him. Mot. at 1.

[2] RPost,"produces 'registered receipts . . . confirming that the service emails and documents annexed thereto were sent to, delivered to and received by' the recipients." Holoszyc-Pimentel Decl. ¶ 10 n.1 (quoting *Mattel, Inc. v. Animefun Store*, 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020)).

3

info@wondamusic.com) are currently listed on Duplessis's active business websites. *Id*. ¶¶ 8-9 & Exs. C-D; *see also* https://www.jerrywonda.com/; https://www.wondamusic.com/about (all websites last visited July 10, 2025). While email service alone (particularly at old email addresses) could raise a question of adequacy, here the proposed email service is "an *additional* means" of notifying the witness about the subpoenas. *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *3 (S.D.N.Y. Nov. 14, 2014) (authorizing service by email as a "back-up to[] the other [] modes of alternative service"); *see also Fed. Trade Comm'n v. PCCare 247 Inc.*, 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013) (permitting service through Facebook as a "backstop"). Together with a certified mailing of the paper subpoenas to Duplessis's residence, the proposed emails – to four different email addresses, at least two of which appear to be current – provide helpful additional assurance that the subpoenas will in fact reach the witness.

## Conclusion

I find that the Universal Defendants made diligent efforts to serve Duplessis personally. I further find that service of the subpoenas by certified mail to the New Jersey address and by registered email to the four email addresses listed by the Universal Defendants is reasonably calculated under the circumstances to provide Duplessis with notice of and an opportunity to object to the subpoenas. Accordingly, the Universal Defendants' motion (Dkt. 148) is GRANTED. The Universal Defendants must serve a copy of this Order on Duplessis along with the subpoenas.

Dated: New York, New York  
       July 10, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**