UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEEP ON KICKING MUSIC, INC., et al.,

       Plaintiffs,

  -against-

UMG RECORDINGS, INC., et al.,

       Defendants.

UMG RECORDINGS, INC., et al.,

       Counterclaim-Crossclaim Plaintiffs,

  - against -

KEEP ON KICKING MUSIC, INC., et al.,

       Counterclaim Defendants,

IDALY PUBLISHING, INC., et al.,

       Crossclaim Defendants.

KREYOL MUSIC, INC., et al.,

       Third-Party Plaintiffs and
       Counterclaim-Crossclaim Plaintiffs,

  - against -

ROBERT MARTINO,

       Third-Party Defendant,

KEEP ON KICKING MUSIC, INC., et al.,

       Counterclaim Defendants,

UMG RECORDINGS, INC., et al.,

       Crossclaim Defendants.

23-CV-4400 (JPO) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed the parties' joint letter (Dkt. 157), which was filed in the form of a letter-motion requesting a Local Civil Rule 37.2 discovery conference. The Universal Defendants seek an order compelling third-party defendant Robert Martino (i) to produce a complete copy of his text messages with Marc Chetata (portions of which are, at present, redacted for privilege) and (ii) to take additional steps to retrieve (from his bank) and produce the bank

records showing his receipt of a $10,000 payment from Jerry Duplessis in or around 2018. The Court will address the privilege issue during the status conference scheduled for August 7, 2025 at 11:00 a.m., after review of defendant Martino's supplemental privilege log (discussed below). However, the Court does not require a conference as to the bank records dispute, which is resolved by this Order.

## Text-Message Communications

The Court requires (and the Universal Defendants are entitled to) additional information concerning the basis of the privilege redactions made by Martino to his text messages with Chetata. Consequently, no later than **July 22, 2025**, Martino must serve on the Universal Defendants and submit to the Court a privilege log, as to the challenged text messages, that complies with the requirements of Local Civil Rule 26.2.

Each message in a text-message thread is "a separate communication, for which a privilege may or may not be applicable." *In re Bystolic Antitrust Litig.*, 2021 WL 878568, at *4 (S.D.N.Y. Mar. 9, 2021); *see also Cafex Commc'ns, Inc. v. Amazon Web Servs., Inc.*, 2018 WL 1737686, at *9 (S.D.N.Y. Feb. 8, 2018) ("each e-mail message contains a separate communication for which no privilege or protection may be applicable."). Therefore, the privilege log "must include an entry for each [message] withheld as privileged." *In re Bystolic*, 2021 WL 878568, at *4.

In accordance with Rule 26.2, the log must identify, for each communication in the thread: (1) the full names of the attorney(s) referenced or involved; (2) the client(s) represented by each such attorney; and (3) the subject matter of the allegedly privileged communication. This may be done within each entry in the log, or, if more convenient, by means of a "key" to the log listing the relevant individuals, along with their titles, affiliations, and roles. *Aviles v. S&P Glob., Inc.*, 583 F. Supp. 3d 499, 504 (S.D.N.Y. 2022).

In addition, Martino must explain, in a letter-brief submitted along with the supplemental log, why the disclosure of privileged attorney-client communications between himself and Chetata did not constitute a waiver of any otherwise-applicable privilege. *See, e.g.*, *GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*, 2025 WL 1763262, at *4 (S.D.N.Y. June 25, 2025) ("Generally, attorney-client privilege is waived if the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication over which the privilege is claimed") (cleaned up) (collecting cases).

**2018 Bank Records**

With respect to the 2018 bank records sought in response to the Universal Defendants' RFP No. 19, "the party seeking production of documents bears the burden of establishing the opposing party's control over those documents." *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 61472, at *3 (S.D.N.Y. Jan. 6, 2014). While the term "control," as used in Fed. R. Civ. P. 34(b), is "construed broadly," *S.E.C. v. Strauss*, 2009 WL 3459204, at *7 (S.D.N.Y. Oct. 28, 2009), this Court is unaware of any authority requiring a party who is no longer able to obtain bank records on request to issue a subpoena to the bank in order to satisfy his discovery obligations to a party that is equally able to serve such a subpoena. To the contrary, the Second Circuit has found it "fairly obvious that a party [] need *not* seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (emphasis added).

Here, Martino represents that he made reasonable efforts to obtain the requested bank records. He states, through counsel, that he visited his bank (identified during his deposition as the Bank of America (B of A)) and requested the records, but learned that they were "too old to retrieve." (Dkt. 157 at 3.) The Court is not convinced that this is the full story. The B of A website

3

states that customers can view their bank statements either on paper or electronically, and advises: "We keep copies of your statements for up to 7 years." *See* Frequently Asked Questions, Bank of America, https://info.bankofamerica.com/en/digital-banking (last visited July 15, 2025). *See also Marquess v. CardFlex, Inc.*, 2022 WL 2791998, at *5 (E.D.N.Y. July 15, 2022) (seven years); *Holley v. Erwin-Jenkins*, 369 So. 3d 1218, 1222 (Fla. Dist. Ct. App. 2023) (seven years). Since it is now July 2025, Martino should be able to obtain, on request, his B of A statements from July 2018 forward. There is no reason why he should not be required to do so in response to an RFP seeking information about a transaction which may well have occurred in that time frame.

However, the Universal Defendants do not identify any authority for the proposition that (as to records older than seven years or otherwise not retrievable on request) Martino or his lawyer "should be required to work directly with the bank" to unearth or reconstruct them, or as an alternative, should be required to produce "an affidavit from the bank confirming the details of the payment made." (Dkt. 157 at 3.) If and to the extent the relevant records cannot be obtained by Martino pursuant to the bank's ordinary policies and procedures, this Court will not require him to undertake extraordinary efforts to obtain written confirmation of a fact that he has already conceded at deposition. If the Universal Defendants wish to serve a third-party subpoena on the bank in an effort to obtain further documents themselves, they may do so.

## Conclusion

For these reasons, the Universal Defendants' letter-motion (Dkt. 157) is GRANTED IN PART and DENIED IN PART. As to the text messages, Martino must provide the supplemental privilege log and letter-brief described above no later than **July 22, 2025**, and the parties must be prepared to discuss the dispute at the **August 7, 2025** conference. As to the bank records, Martino must promptly (assisted by his counsel if necessary) make a further, good-faith attempt to obtain

the relevant bank records from B of A dating back at least to July 2018, through the bank's ordinary policies and procedures. He must then review and produce those records, to the extent they reflect the $10,000 payment from Duplessis, no later than **July 25, 2025.** If for some reason Martino is unable to access his records back to July 2018, he must, by the same date, provide the Universal Defendants with a declaration or other admissible evidence describing the efforts he made and explaining why he was unable to do so.

The Clerk of Court is respectfully directed to close the motion at Dkt. 157.

Dated: New York, New York       **SO ORDERED**.
       July 15, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**

5