UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEEP ON KICKING MUSIC, INC., KEEP ON MOVING MUSIC, INC., and FREE WORLD MUSIC, LIMITED,<br><br>           Plaintiffs,<br><br>   - against -<br><br>UNIVERSAL MUSIC GROUP, INC., UNIVERSAL MUSIC PUBLISHING GROUP, QUALITY CONTROL MUSIC, CAPITOL RECORDS, LLC, MOTOWN RECORDS, IDALY PUBLISHING, INC., KREYOL MUSIC, INC., and MELODIE MAKERS, INC.,<br><br>           Defendants. | No. 23-CV-4400 (JPO) (BCM)<br><br>**KREYOL MUSIC PARTIES' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND (I) COUNTER CLAIMS AND CROSS CLAIMS CONSISTENT WITH FILED FIRST AMENDED THIRD PARTY COMPLAINT, AND (II) BREACH OF CONTRACT CLAIM AGAINST MARTINO TO CONFORM TO EVIDENCE IN CASE** |
| UMG RECORDINGS, INC. (incorrectly sued as "Capitol Records, LLC" and "Motown Records"), UNIVERSAL MUSIC CORPORATION (incorrectly sued as "Universal Music Publishing Group"), UNIVERSAL MUSIC GROUP, INC., and QUALITY CONTROL MUSIC, LLC (incorrectly sued as "Quality Control Music"), Counterclaim-Crossclaim Plaintiffs,<br><br>   - against -<br><br>KEEP ON KICKING MUSIC, INC., KEEP ON MOVING MUSIC, INC., and FREE WORLD MUSIC, LIMITED,<br>          Counterclaim Defendants,<br><br>IDALY PUBLISHING, INC., KREYOL MUSIC, INC., and MELODIE MAKERS, INC.,<br><br>          Crossclaim Defendants. | |
| KREYOL MUSIC, INC. and MELODIE MAKERS, INC.,<br><br>        Third-Party Plaintiffs and<br>        Counterclaim-Crossclaim Plaintiffs,<br><br>   - against - | |

i

ROBERT MARTINO,

        Third-Party Defendant,

KEEP ON KICKING MUSIC, INC., KEEP ON
MOVING MUSIC, INC., and FREE WORLD MUSIC,
LIMITED,

        Counterclaim Defendants,

UMG RECORDINGS, INC., UNIVERSAL MUSIC
CORPORATION, UNIVERSAL MUSIC GROUP,
INC., QUALITY CONTROL MUSIC, LLC, and
IDALY PUBLISHING, INC.,

        Crossclaim Defendants.

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION. | 1 |
| II. | PROCEDURAL BACKGROUND. | 1 |
| III. | LEGAL STANDARD. | 3 |
| IV. | BASED ON THE ADDITIONAL FACTS ALLEGED IN THE AMENDED PLEADING, THE KREYOL MUSIC PARTIES SEEK LEAVE TO AMEND TO TEST THE CLAIMS AS AMENDED ON THE MERITS. | 3 |
| V. | CONCLUSION. | 6 |

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Foman v. Davis*,                                                                          3, 6
   371 U.S. 178 (1962)


*McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 200 (2d Cir.   3
   2007) (citing *Forman*, 371 U.S. at 182)


**Rules**

F.R.C.P. 15(a)(2)

## I.    INTRODUCTION.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Defendants Kreyol Music, Inc. and Melodie Makers, Inc. (the "Kreyol Music Parties") move for leave to amend (i) their cross claims and counter claims consistent with the first amended third party complaint against Robert Martino which they filed with this Court's permission on July 10, 2025 (ECF Dkt. at 154 &162), and (ii) their breach of contact claim against Robert Martino to conform with the evidence adduced to date in this action.  No new counts have been added against any party; however, Kreyol Music adds allegations of additional breaches by Martino of the 2007 Kreyol Music/Martino Agreement which allegations were first learned during discovery.

## II.    PROCEDURAL BACKGROUND.

On August 21, 2024, the Kreyol Music Parties filed their responsive pleading, including an answer, counter claims, cross claims and a third-party complaint.  ECF Dkt. at 87.  Such pleading contained a set of allegations supporting its counter claims, cross claims and third-party complaint.  Mr. Martino moved to dismiss the third-party complaint, and the Plaintiffs and Universal Music Parties did not move to dismiss the copyright infringement claims against them.

On June 12, 2025, this Court entered an order granting the dismissal of the copyright claim against Mr. Martino and denying the dismissal of the breach of contract claim against Mr. Martino.  The Court granted the Kreyol Music Parties leave to amend the copyright infringement claim against Martino as set forth in its order.

On July 10, 2025, Kreyol Music Parties filed an amended responsive pleading.  This new pleading amends the set of allegations that support its amended copyright infringement claim against Martino, which allegations also support its copyright infringement claims against the Plaintiffs and Universal Music Parties.  The amended responsive pleading also adds additional allegations to the breach of contract claim to conform to the facts learned during discovery.

1

The Kreyol Music Parties further note:

- The Universal Music Parties consent to the amendment of the allegations against them as set forth in the filed amended pleading.

- The Plaintiffs have not responded to counsel for the Kreyol Music Parties, and therefore it is assumed that they do not consent to the amendment of allegations against them in the filed amended pleading.

- Robert Martino has not responded to counsel for the Kreyol Music Parties, and it is assumed that he does not consent to the amendment of the breach of contract claim against him in the filed amended pleading.

There is no prejudice with respect to Kreyol Music Parties' request for an amendment at this time.

- Mr. Martino has not yet answered the breach of contract claim, and the amended allegations regarding such claim have been adduced in discovery to date.

- Extensive fact deposition remains to be taken as of the filing of this request, including the depositions of Plaintiffs, Universal Music Parties and Kreyol Music Parties as well as upcoming nonparty depositions.

- As of this time, the Kreyol Music Parties are not asking for any new discovery relating to these claims.

A clean copy of the amended pleading is attached hereto as Exhibit A, and a redlined version showing the revisions against the original pleading are attached as Exhibit B.  These documents were previously filed as ECF Dkt. 154 & 162.

2

### III.    LEGAL STANDARD.

"Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading.  Subsection (a) allows a party to amend a complaint upon leave of court and states that leave 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").  "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust.  Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility."  *Foman*, 371 U.S at 182; *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 200 (2d Cir. 2007) (citing *Forman*, 371 U.S. at 182).

### IV.    BASED ON THE ADDITIONAL FACTS ALLEGED IN THE AMENDED PLEADING, THE KREYOL MUSIC PARTIES SEEK LEAVE TO AMEND TO TEST THE CLAIMS AS AMENDED ON THE MERITS.

*First*, the Kreyol Music Parties seek to add allegations to their copyright infringement claims against Plaintiffs and the Universal Music Parties.

Based on the documentary and testimonial evidence adduced in the case thus far (only Martino's deposition has been taken) and discussions with various Haitian-barred lawyers and experts about Haitian law on ownership, copyright law, and master sound recordings in the late 1970s and 1980s and the validity and legal effectiveness of Jeff Wainwright's Papier Notaire filed with the State of Haiti (the "Notary Registration"), the Kreyol Music Parties filed their amended copyright infringement claim relating to *Viva les Difficiles* and "ECX" against Mr. Martino.  Since the outset of this case, the Kreyol Music Parties have maintained the same factual position:  Cine Disc conceived, produced, paid for the production, owned and exploited the *Viva les Difficiles* album, including the "ECX" work, and all rights in the master sound recording and its works were transferred via written agreement in late 1995 to Jeff Wainwright.

3

Both Cine Disc and Mr. Wainwright openly exploited rights in the album and "ECX" from 1978 until the current dispute without objection or any claim from Mr. Martino.  In particular, Mr. Martino had a close business relationship with Mr. Wainwright and never challenged Mr. Wainwright's exploitation of the *Viva les Difficiles* album, including the "ECX" work.

The amended complaint includes enhanced allegations with respect to the 1978 creation and production of the *Viva les Difficiles* master sound recording and also alleges that Cine Disc's acquisition of the ownership rights was consistent with then current custom and practices in the Haitian music industry.

Added allegations specifically include:

(i)    More specificity about the creation and production of the album *Viva les Difficiles*, containing the work "ECX," including Cine Disc's payment for the production (Redline ¶¶ 26, 29 & 30 at pp. 27-29);

(ii)   Cine Disc's ownership and possession of the original, physical master sound recording of *Viva les Difficiles* and his exploitation of such master sound recording without challenge by any third party, including Martino, and his licensing of such recording for the distribution and sale of CDs by the original Melodie Makers, Inc. ("Melodie Makers I"); and Mr. Cine's representations about his ownership to Mr. Wainwright and other partners of Melodie Makers I (Redline ¶¶ 37, 40-41 at pp. 29-30);

(iii)  Cine Disc's sale of the master sound recording of *Viva les Difficiles* and the transfer of the physical master sound recording to Jeff Wainwright, who openly displayed such work in his offices which were visited by Mr. Martino and Mr.

4

Wainwright's sale of such album and its works online via his companies Kreyol Music and Melodie Makers (Redline ¶¶ 48-49 at pp. 34);

(iv)    Mr. Martino's knowledge of Jeff Wainwright's distribution and sale of *Viva les Difficiles* and "ECX"; Mr. Martino's alerting of Mr. Wainwright when he became aware of the sampling by Migos in their work "Narcos" because Mr. Martino recognized Mr. Wainwright's ownership rights in such master sound recording; and Mr. Martino's failure to timely assert any rights in the master sound recording (Redline ¶¶ 52 & 60 at pp. 35 & 37).

*Second*, Kreyol Music also seeks to amend its claim regarding the 2007 Kreyol Music/Martino Agreement with additional background of the parties' relationship and new allegations supporting additional breaches of such agreement.  In the original breach of contract claim, Kreyol Music alleged that Martino breached the agreement by his release of works on the *Oye Chica* album.  Kreyol Music seeks to add allegations including:

(i)    Mr. Martino's continuous and close business relationship with Kreyol Music following the entry of the 2007 Kreyol Music/Martino Agreement including Mr. Martino requesting Kreyol Music to distribute four of Martino's earlier albums online just as Kreyol Music was selling and distributing the *Oye Chica* album, and Kreyol Music's continuous distribution of such albums online for at least eleven years until the end of 2023 even after this action was filed (Redline ¶¶ 52 & 57 at pp. 35-36);

(ii)    Mr. Martino's collaboration with Wyclef Jean in the 2007-8 timeframe at the time that the 2007 Kreyol Music/ Martino Agreement had just been entered on a work "Let Me Touch Your Button" which opportunity he should have brought to

5

Kreyol Music.  This information only became available during discovery from documents produced (Redline ¶ 56 at p. 36); and

(iii)    Mr. Martino's entry into assignment and publishing agreements with Plaintiffs Free World Limited and Keep on Kicking in 2021 whereby he purported to transfer all of the rights in the *Oye Chica* album which Kreyol Music had previously purchased from Mr. Martino in the 2007 Kreyol Music/Martino Agreement.  The publishing agreement and its schedule of works only became available to Kreyol Music during discovery (Redline ¶¶ 66-67 at pp. 39-40).

None of the added allegations are futile.

## IV.    CONCLUSION.

For the above stated reasons, the Kreyol Music Parties request that this Court grant leave to amend to permit the Kreyol Music Parties to amend their (i) cross claims of copyright infringement against the Universal Music Parties (to which they have consented), (ii) counter claims of copyright infringement against Plaintiffs, and (iii) breach of contract claim against Robert Martino as set forth in the amended pleading filed on July 10, 2025 pursuant to this Court's order granting the Kreyol Music Parties permission to amend their third party complaint against Mr. Martino. *Foman v. Davis*, 371 U.S. 178, 182 ("If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

New York, New York
Dated: July 18, 2025

Respectfully submitted,

**BRENNAN LAW FIRM PLLC**

By: *Kerry A. Brennan*
116 West 23rd Street
New York, New York 10011

6

212.729.1980
kerry.brennan@brennanlawpllc.com

*Attorneys for Kreyol Music Parties*